STATE ex rel. INMAN

*v.*

QUARTERLY COUNTY COURT OF COCKE COUNTY et al.

351 S. W. 2d 390.

(*Knoxville,* September Term, 1961.)

Opinion filed November 7, 1961.

EDWARD F. HURD, Newport, for plaintiff in error.

PORTER & PORTER, Newport, for defendants in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a test suit challenging the validity of a school bond referendum in Cocke County in 1958. The Quarterly Court submitted the question of issuance of $1,530,000.00 in school bonds to a referendum vote of the people on November 8, 1958.

The referendum carried by a twenty-one vote margin. Only eight days strict legal notice was given of the election referendum. When the Quarterly Court refused to issue the bonds a mandamus suit was filed. In *Lamb v. State ex rel. Kisabeth,* 207 Tenn. 159, 338 S.W.2d 584 (1960) this Court affirmed the Chancellor and mandamused the Quarterly Court to issue the bonds.

Thereafter the Quarterly Court passed a bond resolution, employed fiscal agents and raised taxes to retire the bonds. The Quarterly Court scheduled the first bond sale for September 7, 1961, at which time $600,000.00 of the authorized bonds were to be sold.

On the strength of this action the County Board of Education let contracts for the school construction committing $266,856.00 of the September 7th bond sale. Citizen taxpayers filed this suit challenging the validity of the referendum and the school bonds sought to be issued thereunder.

The cause came on to be heard on bill, answer, exhibits and stipulation of facts. The decisive issue in the case was whether eight days legal notice, coupled with general newspaper coverage of the popular public issue, was substantial notice to the voters even though the statute required ten days legal notice.

The Circuit Judge held that there was substantial compliance with the statute; that the election referendum was valid and that the authorized bond issue was valid.

Tennessee Code Annotated Section 2-1114 (1956) provided for ten days' notice preceding such election. We have held that this statute is directory only. *Hanover v. Boyd,* 173 Tenn. 426, 121 S.W.2d 120; *Seaver v. Shaver,* 206 Tenn. 39, 331 S.W.2d 288.

It appears that this election was given widespread newspaper publicity and that every interested citizen had an opportunity to vote and a great majority of them did in fact vote on this referendum.

The question posed by the relators has been affirmatively settled by this Court in 1916 decision referred to and approved in *Hanover v. Boyd,* supra.

In the case of *James E. Stark et al. v. Thomas C. Ashcroft et al.,* Jackson, 1916 (Opinion not for publication) this Court expressed the view that where the body of electors have had actual notice of the time and place of holding an election—a special election—and voters have participated in such an election to the usual extent, a substantial compliance with the statutory formalities as to notice was sufficient.

In that case we upheld the validity of a special election on a bond issue, held at the same time of the general municipal election, when the statute authorizing the vote on the bond issue prescribed ten days' publication, and as a matter of fact only nine days advance publication had been made. When no one is prejudiced or damaged by the failure to comply strictly with the statute, the election will not be disturbed. *Seaver v. Shaver,* supra.

The actual notice to the voters far exceeded technical legal notice and the spirit and purpose of the statute were abundantly served.

There was substantial compliance with the law. *Stark v. Ashcroft,* supra.

■ This Court has expressed on several occasions that it will not permit trifling irregularities to defeat the will of the majority expressed at the polls. *Seaver v. Shaver,* supra.

It results that we find no error in the finding of the trial court upholding the validity of the election, and it is affirmed.

BURNETT, FELTS, WHITE and DYER, Justices, concur.