STATE OF TENNESSEE, ex rel. A. L. ROBBINS, JR., et al.,
Appellants,

*v.*

The CITY OF JACKSON, Tennessee, etc., Appellee.

403 S.W.2d 304.

(*Jackson,* April Term, 1966.)

Opinion filed May 16, 1966.

WALTER C. DRAKE, Jackson, for appellants.

RUSSELL RICE, City Attorney, and ROGER MURRAY, JR., Assistant City Attorney, Jackson, for appellee.

Mr. Justice Creson delivered the opinion of the Court.

This appeal comes from the Circuit Court of Madison County, Tennessee. Suit was filed on August 24, 1965, by appellants here, seeking to enjoin the appellee City from annexing a large area of land and approximately 1,500 citizens into the corporate limits of the City of Jackson. The trial judge, without the intervention of a jury, found in favor of the appellee, and the appellants timely effected their appeal to this Court. Appellants assign as error the following:

"Error No. I:

That the Learned Trial Court erred in holding that there had been substantial compliance with the Tennessee Code Annotated sections 6-308; 6-309, in that the notice of five days rather than seven was substantial compliance with the law and that the said code section as to notice was advisory. (R-44) That the appellants were deprived of a hearing in which all the parties affected could be heard in regard to the proposed annexation (R-29 & 62) (R-75) (R-81) (R-86) (R-136).

Error No. II:

That the Learned Trial Court erred in holding that the plan of services proposed and adopted for the area proposed to be annexed is reasonable (R-46). That the City does not have any plans to provide adequate and neighborhood schools for the area annexed. (R-132) (R-184) nor does the City plan to provide sewerage service within a reasonable time (R-143) (R-156-7) (R-111-112)."

■ Appellants' first Assignment of Error requires a review of the record, which is largely undisputed on this question. This action was brought under T.C.A. Sec. 6-310, which provides "any aggrieved owner of property lying within territory which is the subject of an annexation ordinance prior to the operative date thereof, may file a suit in the nature of quo warranto proceeding in accordance with secs. 6-308—6-320 and chapter 28 of title 23, to contest the validity thereof on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law." The appellants here live within an area that the City of Jackson has undertaken to annex by ordinance, as provided in T.C.A. Sec. 6-309, which is as follows:

*"Annexation by ordinance.*—A municipality when petitioned by a majority of the residents and property owners of the affected territory, or upon its own initiative when it appears that the prosperity of such municipality and territory will be materially retarded and the safety and welfare of the inhabitants and property thereof endangered, after notice and public hear-

ing, by ordinance, may extend its corporate limits by annexation of such territory adjoining its existing boundaries as may be deemed necessary for the welfare of the residents and property owners of the affected territory as well as the municipality as a whole, provided said ordinance shall not become operative until thirty (30) days after final passage thereof.

Provided, however, that before any territory more than one-fourth (1/4) square mile in area or having a population of more than five hundred (500) persons may be annexed under this section, the governing body of the municipality shall adopt a plan of service setting forth at a minimum the identification and projected timing of municipal services proposed to be extended into the territory proposed to be annexed. Provided, further, that before any such plan of service shall be adopted, it must have been submitted to the local planning commission, if there be such, for study and a written report, to be rendered within ninety (90) days after such submission, unless by resolution of the governing body a longer period is allowed. Acts 1955, ch. 113, sec. 2; 1961, ch. 320, sec. 1.)''

In initiating this proposed annexation the City Council caused to be published in The Jackson Sun, a newspaper of general circulation in the municipality an advertisement which advised that there would be a public hearing on July 30, 1965, to consider annexation of the involved territory. Prior to that, on June 23, 1965, The Jackson Sun published an extended and front page news article referring to the proposed annexation and public hearing to be had in this connection. The article set forth the area to be included in the proposed annexation. The trial judge found that these two published articles con-

stituted substantial compliance with the notice requirements set forth, as follows, in T.C.A. Sec. 6-308:

> "*Annexation of territory—Definitions.*— * * * (c) the term 'notice' shall mean publication in a newspaper of general circulation in the municipality at least seven (7) days in advance of a hearing."

In the light of the opinion of this Court in *State v. Quarterly County Court* (1961) 209 Tenn. 153, 351 S.W.2d 390, we feel the trial judge reached the proper conclusion. In that case, this Court said the following, which we think is particularly analogous to the instant case:

> "(1) Tennessee Code Annotated Section 2-1114 (1956) provided for ten days' notice preceding such election. We have held that this statute is directory only. *Hanover v. Boyd,* 173 Tenn. 426, 121 S.W.2d 120; *Seaver v. Shaver,* 206 Tenn. 39, 331 S.W.2d 288.

It appears that this election was given widespread newspaper publicity and that every interested citizen had an opportunity to vote and a great majority of them did in fact vote on this referendum.

The question posed by the relators has been affirmatively settled by this Court in 1916 decision referred to and approved in *Hanover v. Boyd,* supra.

In the case of *James E. Stark et al. v. Thomas C. Ashcroft et al.,* Jackson, 1916 (Opinion not for publication) this Court exercised the view that where the body of electors have had actual notice of the time and place of holding an election—a special election—and voters have participated in such an election to the usual extent, a substantial compliance with the statutory formalities as to notice was sufficient.

\* \* \* \* \* \*

The actual notice to the voters far exceeded technical legal notice and the spirit and purpose of the statute were abundantly served.

There was substantial compliance with the law. *Stark v. Ashcroft,* supra."

■ The following from 2 McQuillin Municipal Corps. 339 (3rd Ed.-Sec. 7.29) also supports the trial court's finding:

"Since the jurisdiction to annex or detach territory, or extend or reduce corporate limits is special, at least a *substantial* compliance with all mandatory requirements is essential, and sometimes a strict observance is necessary, *but it is generally held that slight irregularities will not invalidate the proceedings."* (Emphasis supplied).

Thus, we find that appellants' first Assignment of Error is without merit.

■ Appellants' second Assignment of Error urges that the trial court erred in holding that the proposed plan of services for the area to be annexed was reasonable. Suffice it to say, in connection with this Assignment of Error, that if there is evidence upon which reasonable men could differ as to the reasonableness of the proposed annexation, as is the case here, this Court will not substitute its discretion or judgment for that of the legislative body of the City. See *Morton v. Johnson City* (1960) 206 Tenn. 411, 333 S.W.2d 924; *State ex rel. Senff v. City of Columbia* (1961) 208 Tenn. 59, 343 S.W.2d 888; *State ex rel. Hardison v. City of Columbia* (1962) 210 Tenn. 514, 360 S.W.2d 39. The evidence contained in this record abounds with conflicting testimony as to the rea-

sonableness or unreasonableness of the proposed annexation. In light of this, the Court must apply the rule as stated in *Morton v. Johnson City,* supra, as follows:

"'* * * the court does not, in any sense, substitute its discretion or judgment as to the advisability or propriety of the annexation for that of the legislative body of the city, and that it does not review the legislative discretion; its consideration of 'reasonableness' is confined to a determination of whether there exists a sufficient showing of reasonableness to make that question, at the least, *a fairly debatable one; if there is such, then the discretion of the legislative body is conclusive.* Citing authorities. (Emphasis ours.)''

It appearing that neither of appellants' Assignments of Error are meritorious, the judgment of the trial court, supported by an excellent Opinion, is affirmed, with costs against the appellants.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.