18593

Charles W. MARSH, Appellant, v. LEO'S, INC., and Unqualified Self-Insurer, Respondents

(152 S. E. (2d) 350)

---

* See *Grant v. MacDougall,* 244 S. C. 387, 137 S. E. (2d) 270, which settles the point.

*Rogers W. Kirven, Esq.,* of Florence, *for appellant,*

*Messrs. Hyman & Morgan,* of Florence, *for respondents,*

January 9, 1967.

BRAILSFORD, Justice.

This appeal is from the disallowance of a claim under the Workmen's Compensation Act. The issue is whether claimant's employer, Leo's Inc., was covered by the act on March 6, 1965, when the injury was sustained.

All of the evidence on the point establishes that the employer had less than fifteen employees, hence, was exempted from mandatory coverage. Section 72-107 (2), Code of 1962. The hearing commissioner impliedly so found, but held that the employer had voluntarily elected to come in under the terms of the act pursuant to Section 72-109, Code of 1962. The full commission reversed the award and dismissed the claim upon finding that the employer had fewer than fifteen employees and had not elected to be covered by the act. The circuit court affirmed.

The sole basis for claiming an election by the employer is that a copy of an insurance policy, purportedly issued to the employer, was filed with the South Carolina Industrial Commission in June, 1964. The commission and the circuit court found that this policy was applied for by an insurance agent as a means of obtaining a rate quotation for the employer, and that it was filed with the commission by the issuing company without the knowledge of

the employer or of the insurance agent. The offer. of the policy was promptly rejected by the employer, and the policy was cancelled, with notice to the commission, some eight months prior to claimant's injury.

The foregoing facts are fully supported by the evidence and are not seriously contested. While the claimant excepted to the conclusion · that the employer had fewer than fifteen employees, the exception has been waived by failure to argue it in the brief.

A person exempted from the mandatory provisions of the act may come in under its terms by filing with the commission a written notice of his desire to do so. Section 72-109, Code of 1962. We have held that substantial compliance with this section is sufficient to bring an employer under the act. *White v. J. T. Strahan Co.*, 244 S. C. 120, 135 S. E. (2d) 720; *Yeomans v. Anheuser-Busch*, 198 S. C. 65, 15 S. E. (2d) 833, 136 A. L. R. 894. Conversely, an exempt employer is not covered by the act unless there has been substantial compliance with the statutory requirements for exercising this election. *Sweeney's Dependents v. Cape Fear Wood Corp.*, 237 S. C. 471, 118 S. E. (2d) 70. Even a casual reading of this record is conclusive that the employer here did nothing which had any tendency to indicate that he intended to come in under the terms of the act. The following sentence from the opinion in *Sweeny*, where the facts were actually stronger than those with which we deal, is quite appropriate: "Mere statement of the foregoing facts is sufficient to show that the case in hand is far afield of the statute and does not come within the rule of the *Yeomans* case." 237 S. C. 474, 118 S. E. (2d) 72.

The conclusion of the commission and circuit court on this issue is manifestly correct. Actually, the claimant's contrary argument is founded principally upon the misconception that under the law of agency the employer was bound by the unauthorized filing of the insurance policy with the commission.

The claimant also complains that the hearing commissioner erred in rejecting evidence tendered by him as to the number of persons employed by the employer. The record does not support this exception. It does not show that any evidence along this line was excluded by the commissioner. Instead, it shows an "off the record discussion," after which the examination of the claimant continued without a ruling on the objection which had been made and without an offer of proof in any form.

Affirmed.

LEWIS and BUSSEY, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.

G. BADGER BAKER, Acting Associate Justice, disqualified.