FAULKNER, Justice.
This is an appeal presenting a question of election procedures for employers of farm laborers under the Workmen’s Compensation Act. The trial court held that under § 25-5-50, Code of Ala.1975 (formerly Tit. 26, § 263) absolute compliance with technical filing requirements is not necessary for an effective election of coverage by an exempt employer where the employer’s actions clearly and consistently manifest an intent to come under the Act. We affirm.
On July 30, 1975, Dana Smith, a 12 year old girl, was killed in an automobile accident while working for Thrower Nursery, Inc. Since 1973 employees of Thrower had been told by Thrower that they were covered by workmen’s compensation and notice of coverage had been posted at the place of business. Thrower had paid premiums for coverage to its insurer which handled and paid eight separate claims to injured employees and properly reported these to the Department of Industrial Relations. Records in the Department of Industrial Relations show that Thrower had filed WCC Form 8 with that department (entitled “Notice of Compensation Coverage”)[1] prior to the fatal accident but had not filed WCC Form 12 (entitled “Employer’s Notice of Election to Accept the Provisions of the Workmen’s Compensation Law of Alabama, as amended”)[2] until sometime after the accident. On August 5, 1975, Thrower’s insurer paid Lynn Smith, father of the deceased girl, $1,000 as required under the *743 Act for the death of his daughter.[3] Nine months later Smith filed suit against Thrower alleging negligence in the death of Dana Smith; he later amended that suit to include a count based on the Alabama Employer’s Liability Act, § 25-6-1, et seq., Code of Ala.1975 (formerly Tit. 26, § 326). Thrower filed a Bill for Declaratory Judgment asking the trial court to declare it immune from any further civil liability because of applicable provisions of the Workmen’s Compensation Act. The trial court rendered judgment for Thrower finding that Dana Smith was a farm laborer at the time of the accident, Thrower was subject to the Workmen’s Compensation Act based on its substantial compliance with § 25-5-50, and Mr. Smith had already been compensated under the Act for the death of his daughter, thus precluding any suit based on common law or other statutory liability. The trial court stated that the provisions of § 25-5-50 relevant to filing written notice with the Department of Industrial Relations of an election to come under the Workmen’s Compensation Act are merely directory. It is from that judgment that Mr. Smith appeals.
Section 25-5-50 reads in pertinent part as follows:
“This article . . . shall not be construed or held to apply ... to farm laborers whose employers have not filed an election to become subject to his chapter . . . . [A]ny farmer . may accept the provisions of this article . by filing written notice thereof with the department of industrial relations, a copy thereof to be posted at the place of business of said employer . . ”
In § 25-5-3, Code of Ala.1975 (formerly Tit. 26, § 265) the Director of the Department of Industrial Relations is delegated authority to prepare and distribute “such blank forms and literature as he shall deem requisite to facilitate or promote the efficient administration of . this chapter.” Pursuant to § 25-5-3 the director drafted WCC Form 12 to be used when filing an election of coverage under § 25-5-50. While we recognize the director’s authority to draft such administrative aids, we think that workmen’s compensation for farm laborers should not be controlled by whether or not this exact form (WCC Form 12) appears in the files of the Department of Industrial Relations. Substantive rights should not turn on such a “hyper-technicality” absent the clearest indications from the body which drafted the applicable statute or rule. Where an employer has clearly manifested his intent to elect coverage and the concerned parties have at all times acted as though coverage was in effect, these actions should control. As Prof. Larson points out in his treatise on workmen’s compensation, “[W]hen the question is what will amount to affirmative election of coverage, most courts are less exacting as to formalities and will accept any realistic evidence of intent to accept coverage, such as actual payment of compensation or the taking out of workmen’s compensation insurance.” 2A A. Larson, The Law of Workmen’s Compensation, § 67.10 (1976). While a single act of taking out insurance or paying a claim may not be sufficient evidence of intent, a consistent pattern of behavior on the part of the employer, his employees, and the Department of Industrial Relations will suffice. In this case the record reveals that the Department of Industrial Relations did have notice by the filing of WCC Form 8 of Thrower Nursery’s attempt to come under the Act. Evidence presented to the trial court showed that employees had been told they were covered by the Act and had seen a notice to that effect posted on the employee bulletin board. Thrower not only paid premiums for workmen’s compensation coverage but also paid eight separate claims to injured employees prior to the death of Dana Smith. In handling these claims the em *744 ployer, the insuror, and the Department of Industrial Relations all acted as if an effective election of coverage had occurred. Such clear and consistent evidence of election of coverage suffices under § 25-5-50, even though the correct form was not on file with the Department of Industrial Relations.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.

.

. The amount represented Burial Benefits, the maximum amount payable under the Act for the death of this minor child.