William T. PRESLEY, Plaintiff–Appellee,

v.

Carl BENNETT, d/b/a Bennett Roofing Co., and Liberty Mutual Insurance Company, Defendants–Appellants.

Supreme Court of Tennessee, at Knoxville.

Aug. 9, 1993.

Weldon E. Patterson, Poore, Cox, Baker, Ray & Byrne, Knoxville, for defendants-appellants.

Ralph Brown, Maryville, for plaintiff-appellee.

## OPINION

ANDERSON, Justice.

This direct appeal presents the issue of whether the filing of a notice of election of workers' compensation coverage with the Department of Labor is mandatory where the parties have agreed to be bound by the Act. Here, the employer-contractor and the subcontractor orally agreed to be bound by the Workers' Compensation Act. The contractor withheld funds for workers' compensation insurance for the subcontractor and his employees from the subcontractor's contract payments, but neither party filed a notice of election of coverage with the Department of Labor pursuant to Tenn.Code Ann. § 50–6–113(e) (1991). We conclude that the statutory filing requirement is directory only, and that substantial compliance with the statute was established by the proof. The judgment of the trial court awarding workers' compensation benefits is affirmed.

## BACKGROUND

On July 5, 1990, the plaintiff, William Presley, fell from the roof of a house and was

injured while performing roofing work as a subcontractor for the defendant, Carl Bennett, d/b/a Bennett Roofing Company. When the subcontract arrangement began, Presley and Bennett orally agreed that both Presley and his crew would be covered by workers' compensation, and in accordance with that agreement, Bennett withheld an amount for workers' compensation premiums from the money he paid Presley.

After the accident, Bennett assured Presley that he was covered by workers' compensation. However, the defendant, Liberty Mutual Insurance Company ("Liberty"), Bennett's workers' compensation carrier, denied coverage on behalf of itself and Bennett because neither Bennett nor Presley filed a written notice of the election of coverage with the Department of Labor. *See* Tenn. Code Ann. § 50–6–113(e)(1) (1991). Liberty also argued that it was not bound to provide insurance coverage to Presley because it never received the premiums Bennett withheld.

Both Bennett and Presley testified at trial that they were not told and had no knowledge of the filing requirement with the Department of Labor before the accident. Liberty argued that filing the notice of election was a mandatory prerequisite for coverage under the workers' compensation laws.

■ By statute, employees of a subcontractor who are injured working on the job may recover workers' compensation benefits from the principal contractor. Tenn.Code Ann. § 50–6–113(a) (1991 & Supp.1992). Bennett explained that, as a principal contractor, it was his practice, when subcontractors did not have a certificate of insurance, to withhold premiums at a rate equal to the percentage he paid on his payroll amount. He said that in the past, his workers' compensation carrier performed a year-end audit of his actual payroll to determine whether the premiums he had paid throughout the year, based on his estimated payroll, were sufficient, and if deficient, he was billed for any premiums due and owing, including premiums on subcontractors' compensation.

Here, Bennett, the principal contractor, filed a payroll audit report with Liberty. In the place designated for exclusions from coverage, Bennett wrote "owner" only, and did not list "subcontractors" as being excluded. Moreover, he listed his gross payroll amount in the designated place on the form, but set out the total subcontractor payment in a separate space with a notation it was not included. He testified that he assumed the two sums would be added together and that he would be billed for any premium amount owing on the entire sum. No bill was ever received from Liberty and no audit was ever performed, although the payroll audit report made it clear that "this report may be verified by an auditor."

The trial judge specifically found that Bennett and Presley agreed that Bennett would provide workers' compensation coverage for Presley, that Presley had paid Bennett for the coverage, and that the failure to file with the Department of Labor pursuant to Tenn. Code Ann. § 50–6–113(e) did not preclude coverage. The trial judge also held that Liberty was the workers' compensation carrier for Bennett at the time of the accident and had agreed to provide workers' compensation insurance coverage for any workers' compensation liability incurred by Bennett as a result of the July 5, 1990, accident. Accordingly, the trial judge awarded Presley temporary total disability benefits, reasonable and necessary medical expenses, and permanent partial disability benefits at the rate of 60 percent to the body as a whole against both Bennett and Liberty.[1] This appeal followed.

### STANDARD OF REVIEW

■ Our review of findings of fact by the trial court is *de novo* upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50–6–225(e) (1991 & Supp.1992). Conclusions of law are subject to *de novo* review on appeal without a presumption of correctness. *See Cowden v. Sovran*

---

1. Benefits awarded were: temporary total benefits in the amount of $13,885.53; past medical expenses in the amount of $42,110.59, and future

reasonable and necessary medical expenses; and permanent partial disability at the weekly compensation rate of $182.02.

*Bank/Central South,* 816 S.W.2d 741, 744 (Tenn.1991).

## ELECTION

■ It is fundamental that employers and employees within this State are covered by the Tennessee Workers' Compensation Act unless specifically exempted. Tenn.Code Ann. § 50–6–106 (1991). Subcontractors, however, are not covered by the Act because they are not included in the broad statutory definition of "employee," which includes corporate officers, as well as partners and sole proprietors who are included as employees if they so elect. A general contractor by statute is required to cover a subcontractor's employees if they are not otherwise covered, and a subcontractor may elect to be covered by the Act. *See* Tenn.Code Ann. § 50–6–102(9) (1991 & Supp.1992). At the time of Presley's injury, the statute provided, in pertinent part, as follows:

> (a) A principal, or intermediate contractor, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject matter of the contract to the same extent as the immediate employer.
>
> . . . .
>
> (e)(1) A subcontractor under contract to a general contractor may elect to be covered under any policy of workers' compensation insurance insuring the contractor upon written agreement of the contractor, by filing written notice thereof, on a form prescribed by the commissioner of labor, with the division of workers' compensation. . . .

Tenn.Code Ann. § 50–6–113(a) & (e)(1) (1991) [2].

It is undisputed that the parties did not file notice of an election with the Department of Labor. The appellants argue that the failure to file the notice defeats the election and coverage under the Act. Presley coun-

ters that filing is not a mandatory prerequisite to coverage, and in any event, the responsibility for filing was on the general contractor. Accordingly, the determinative issues in this appeal are whether the statutory procedure set forth above must be strictly followed to accomplish an election of coverage under the Act, and if strict compliance is required, whether the burden of filing is on the subcontractor or the contractor.

■ In general, when determining whether a procedural requirement of a statute is directory or mandatory, the object is to ascertain the legislative intent by consideration of the entire statute, including its nature and purpose, and the consequences that would result from a construction one way or the other. *Stiner v. Powells Val. Hardware Co.,* 168 Tenn. 99, 103–104, 75 S.W.2d 406, 407 (1934). Directory provisions require only substantial compliance. *State ex rel. Robbins v. City of Jackson,* 218 Tenn. 322, 325, 403 S.W.2d 304, 305 (1966). Statutory provisions relating to the mode or time of doing an act to which the statute applies are ordinarily held to be directory rather than mandatory. *See Trapp v. McCormick,* 175 Tenn. 1, 10, 130 S.W.2d 122, 125 (1939).

■ In determining whether the filing requirement at issue here is mandatory or directory, we are guided by the Legislature's specific expression of its intent that the Workers' Compensation Act be given an equitable construction so that the objects and purposes of the Act may be realized and attained. Tenn.Code Ann. § 50–6–116 (1991). In accordance with that expressed intent, we have recognized that it is our duty to interpret the workers' compensation statutes so as to protect workers and their families from the economic devastation that, in many instances, can follow on-the-job injuries, and to ensure that injured employees are justly and appropriately reimbursed for debilitating injuries suffered in the course of service to the employer. *Betts v. Tom Wade*

---

2. The statute has since been amended to require the general contractor to file the notice and to provide that a failure to file the notice will not defeat coverage if the premiums have been paid. *See* Tenn.Code Ann. § 50–6–113(e) (Supp.1992). However, the statute that determines the rights of the parties under the Workers' Compensation Act is that in effect on the date of the accident or injury that provides the basis for the employee's claim. *Oliver v. State,* 762 S.W.2d 562, 566 (Tenn.1988).

*Gin,* 810 S.W.2d 140, 142–43 (Tenn.1991). Based on the foregoing legal principles, we conclude that the filing requirement is merely directory and that an election may be accomplished by substantial compliance with the workers' compensation statute. Because we conclude that the proof in this record demonstrates substantial compliance with the statute, it is not necessary to decide where the responsibility for filing lies.[3]

■ This statutory interpretation is consistent with *Commercial Ins. Co. v. Young,* 209 Tenn. 608, 354 S.W.2d 779 (1962), in which this Court refused to construe another election provision of the workers' compensation statute to defeat coverage under the Act when the procedural requirements of the statute were not strictly followed. There, we stated that "no general rule can be laid down other than that a substantial compliance with these [election] provisions is usually required. The question as to whether there has been a sufficient compliance depends upon the facts of the individual cases." *Id.* 354 S.W.2d at 787, quoting Annotation, *Workmen's Compensation: What Amounts to Acceptance or Election to Come Within Act by Employee as to Whom Act Is Not Mandatory,* 136 A.L.R. 899, 900 (1942); *see also Smith v. Thrower Nursery, Inc.,* 360 So.2d 741, 743 (Ala.1978); *Donner v. State Indus. Ins. Sys.,* 106 Nev. 693, 799 P.2d 570, 572 (1990); *Marsh v. Leo's Inc.,* 249 S.C. 45, 152 S.E.2d 350, 351 (1967); *White v. J.T. Strahan Co.,* 244 S.C. 120, 135 S.E.2d 720, 724 (1964); *see generally* 2A A. Larson, *The Law of Workmen's Compensation,* § 67.10 (1991).

In *Young, supra,* an employee of a flower shop that employed fewer than five people was injured and sought workers' compensation benefits. The workers' compensation statute in effect at that time did not apply in cases where less than five persons were regularly employed unless the employer accepted the provisions of the law "by filing written notice thereof with the said division of work-

men's compensation at least thirty (30) days before the happening of any accident or death...." The employer in *Young* did not file notice as required by the statute, but had "secured an insurance policy, paid the premiums therefor, and considered itself bound by the provisions of the Act." *Id.* 354 S.W.2d at 785. Based on those facts, this Court held that the employer had substantially complied with the election provision.

Here, Bennett and Presley agreed to be bound by the workers' compensation law, and premiums were deducted from Presley's compensation for that purpose. Based on these facts, we conclude, as we did in *Young,* that the parties substantially complied with the statutory election provision, despite the failure to file with the Department of Labor.

Because we have concluded that Presley is covered by the Workers' Compensation Act,[4] and because Liberty has conceded its responsibility for Bennett's liability under the Act, we pretermit the issues raised by Liberty relative to insurance coverage.

For the reasons set forth above, the trial court's judgment awarding workers' compensation benefits is affirmed. Costs of this appeal are taxed against the appellants, Carl Bennett, d/b/a Bennett Roofing Co., and Liberty Mutual Insurance Company.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.

---

3. We note that the statute, as amended, expressly places responsibility for filing on the contractor. *See* Tenn.Code Ann. § 50–6–113(e) (Supp.1992).

4. *See Thomas v. Transport Ins. Co.,* 532 S.W.2d 263, 267 (Tenn.1976) (an employer subject to the provisions of the Workers' Compensation Act is liable to the employee according to the terms of the Act irregardless of whether or not he had obtained insurance coverage).