# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

HENRY COLLIER, )
)
      Plaintiff/Appellee )    Haywood Circuit No. 2954
)
vs. )
)
METHODIST HAYWOOD PARK HOSPITAL, )    Appeal No. 02A01-9607-CV-00165
INC., A Corporation; ROBERT LINDSAY, )
M.D.; METRO EMERGENCY GROUP, P.C.; )
and JOHN DOE, M.D., )
)
      Defendants/Appellants. )

**FILED**

**June 30, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT OF HAYWOOD COUNTY
AT BROWNSVILLE, TENNESSEE

THE HONORABLE DICK JERMAN, JR., JUDGE

For the Plaintiff/Appellee:         For the Defendants/Appellants:

Ricco Gatti, Jr.                Gary K. Smith
Charles H. Richardson III       William D. Domico
Dixie White Ishee            Bryant C. Witt
Memphis, Tennessee          Memphis, Tennessee

**REVERSED**

HOLLY KIRBY LILLARD, JUDGE

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

# OPINION

This case involves an interlocutory appeal from an order by the trial court denying the Defendant's motion for Judgment on the Pleadings/ Motion for Summary Judgment. We reverse.

Plaintiff Henry Collier filed suit against the Defendant/Appellant Methodist Haywood Park Hospital ("Hospital") on April 26, 1994. In his complaint, Collier alleged that he suffered personal injury as a result of negligent medical treatment by Hospital's medical staff. Hospital filed an answer on July 6, 1994. In the Answer, Hospital stated that Dr. Robert Lindsay, an independent contractor physician, treated Collier at the time of his injury. Based on that averment by the Hospital and pursuant to Tennessee Code Annotated § 20-1-119, Collier filed his Amended Complaint on October 6, 1994, which set forth equivalent allegations against Dr. Lindsay and Metro Emergency Group, P.C. ("Metro").

Dr. Lindsay and Metro filed a motion for summary judgment or for judgment on the pleadings, alleging that the Amended Complaint was filed beyond the one (1) year limitation set forth in Tennessee Code Annotated § 29-26-116, and beyond ninety days from the filing of the Answer as set forth in Tennessee Code Annotated § 20-1-119.[1] The defendants requested that the cause of action against Dr. Lindsay and Metro be dismissed as untimely. The trial court denied the motion, but granted permission to seek an interlocutory appeal to this Court. This Court granted the defendants' application for interlocutory appeal.

On appeal from the grant or denial of summary judgment, we review the trial court's decision *de novo*, with no presumption of correctness. ***Presley v. Bennett***, 860 S.W.2d 857 (Tenn. 1993).

---

[1] Tennessee Code Annotated § 20-1-119 provides, in pertinent part:

(a)     In civil actions where comparative fault is or becomes an issue, if a defendant named in a original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the Plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:

(1)     Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

(2)     Institute a separate action against that person by filing a summons and complaint. . . .

. . .

(c)     This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

Tennessee Code Annotated § 20-1-119 sets a ninety-day time limit for plaintiffs who wish to amend a complaint to add an additional defendant. Collier argues that although his amended complaint was filed outside the ninety-day limit, the complaint is saved by Tennessee Rule of Civil Procedure 6.05, which allows a three-day extension to the time limitation: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail three days shall be added to the prescribed period." With this three-day extension, Collier argues that the amended complaint is timely filed.

Defendants contend that this rule is inapplicable because it concerns the date of service, not the date of filing. They cite **Halstead v. Niles-Bolton Assoc.**, No. 01-A01-9503-CV-00113, 1996 WL 50861 (Tenn. App. Feb. 9, 1996), in which the plaintiff filed suit against previously unnamed defendants ninety-one days after the answer of the original defendants was filed. Halstead argued that Tennessee Rule of Civil Procedure 6.05 allowed a three day extension to the applicable ninety-day period because he received the original defendant's answer by mail. This argument was rejected:

> By its own terms, it does not apply in circumstances where a party is required to take some act within a prescribed period after the filing of a paper. Accordingly, Mr. Halstead can find no solace in Tenn. R. Civ. P. 6.05.

*Halstead*, at *2. Consequently, Tennessee Rule of Civil Procedure 6.05 only applies where a party "is required to do some act . . . within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail. . . ." It does not apply to situations in which a party must take some action after the <u>filing</u> of a notice or paper.

Accordingly, the decision of the trial court is reversed, and the amended complaint against the defendants Dr. Robert Lindsay and Metro Emergency Group, P.C. is dismissed with prejudice. Costs on appeal are assessed against Appellee, for which execution may issue, if necessary.

_____
**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**DAVID R. FARMER, J.**

2