IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

April 15, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

JOHN PAUL NEAS, III, and Wife, ) C/A NO. 03A01-9812-CH-00386
PATRICIA NEAS, *et al*., )
)
      Plaintiffs-Appellees, )
)
) APPEAL AS OF RIGHT FROM THE
v. ) WASHINGTON COUNTY CHANCERY
) COURT
)
)
)
HELEN JANE KERNS, )
) HONORABLE THOMAS J. SEELEY, JR.,
      Defendant-Appellant. ) JUDGE, By Interchange

For Appellant

THOMAS C. JESSEE
Jessee & Jessee
Johnson City, Tennessee

For Appellee

JOHN RAMBO
Herrin, Booze & Rambo
Johnson City, Tennessee

O P I N I O N

John Paul Neas, III, his wife, Patricia Neas, and other residents of Town and Country Estates in Washington County sued Helen Jane Kerns ("Kerns"), seeking to enforce restrictions prohibiting the use of a mobile home or trailer as a residence in the subdivision. Following a bench trial, the lower court held that Kerns' "proposed [placement] of a manufactured home on her lot would violate the protective covenants and restrictions for Town and Country Estates"; it therefore enjoined Kerns from taking such action. Kerns appeals, arguing that the trial court erred in interpreting the applicable restrictions and in finding that the subject structure was a "mobile home."

Kerns is the owner of a lot in Town and Country Estates. Upon its establishment, the subdivision was made subject to various restrictions, including the following:

> No mobile home or trailer shall be used as living quarters on any lots or tracts of said property.

This litigation ensued after Kerns informed some of her neighbors of her intention to place a manufactured home on Lot 16A of the subdivision. At trial, Kerns contended that the proposed home was not a "mobile home or trailer," as evidenced by the following: the home would be of high-quality construction; it would be placed on a permanent foundation; it would be financed for 30 years; it would exceed the subdivision's minimum square footage requirements; and once placed on the lot and financed, it

3

would lose its vehicle identification number.[1]  The trial court

made the following findings with respect to the home:

> [Kerns] intends to place a double-wide "manufactured home" on her lot.  Such double-wide home is constructed off-site.  It is transported by road to its intended lot in two sections.  The two sections are flagged "wide load" and get a required "over-width" and "over-height" permit from the Tennessee Department of Transportation.  The two sections each have a VIN number or serial number.  The sections contain a hitch and wheels so that each section can be towed to its place of installation.  Occasionally, but infrequently, the units are placed on a low-boy for transport and are placed [at] the site by use of a crane.  The manufactured home can generally be relocated in one day due to its increased movability.
>
> The owners of such manufactured home can receive conventional financing from FHA, VA and other lending institutions just as [the owners of] a normal on-site constructed home can.
>
> It is [Kerns'] intention to place the manufactured home on a concrete foundation and possibly attach a garage to it.

Relying on the case of *Beacon Hills Homeowners Ass'n, Inc. v.*

*Palmer Properties, Inc.*, 911 S.W.2d 736 (Tenn.App. 1995), the

trial court held that Kerns' proposed home fell within the

definition of "mobile home or trailer," as those terms are used

in the applicable subdivision restrictions.

---

[1]Kerns also took the position at trial that the plaintiffs were estopped from enforcing the subject restriction because the subdivision owners had failed to object to previous violations of other restrictions.  The trial court rejected this argument, however, and Kerns does not pursue it on appeal. According to her brief, Kerns also contended at trial that 12 U.S.C. § 1715z preempts state law and local zoning ordinances so as to allow homes such as the one at issue in this case to be constructed where single-family homes are allowed; thus, Kerns urges us to adopt, as a matter of public policy, a rule that manufactured homes such as hers are not "mobile homes."  However, she supports this position with no authority; furthermore, even if 12 U.S.C. § 1715z has the purpose that Kerns suggests, this does not mean that it has the effect of preempting private subdivision restrictions.  We find this argument to be without merit.

Our review of this non-jury case is *de novo* upon the record with a presumption of correctness as to the trial court's findings of fact, unless "the preponderance of the evidence is otherwise." Rule 13(d), T.R.A.P.; ***Wright v. City of Knoxville***, 898 S.W.2d 177, 181 (Tenn. 1995); ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law are not accorded the same deference. ***Campbell v. Florida Steel Corp.***, 919 S.W.2d 26, 35 (Tenn. 1996); ***Presley v. Bennett***, 860 S.W.2d 857, 859 (Tenn. 1993).

Generally speaking, restrictions on the free use of real property are not favored and will be strictly construed. ***Hicks v. Cox***, 978 S.W.2d 544, 548 (Tenn.App. 1998); ***Beacon Hills***, 911 S.W.2d at 739. However, the overriding consideration is the intent of the parties. ***Hicks***, 978 S.W.2d at 548; ***Beacon Hills***, 911 S.W.2d at 739.

In ***Beacon Hills***, we addressed a situation similar to that in the instant case. The subject restriction in ***Beacon Hills*** prohibited, among other things, the use of any "structure of a temporary character [or] trailer" as a residence. We described the manufactured home in question as follows:

> The structure here consisted of two units. Each unit was pulled by a tractor-truck over the public highways to defendants' lot in Beacon Hills Subdivision. Concrete footers were poured or proposed to be poured at the site for the foundation. The two units were to be attached together and secured to the foundation. The assembled structure was constructed on four I-beams running the length of the units. The space between the

5

> foundation or footing and the structure was
> to be enclosed.  The only difference between
> the case under consideration and **Albert** [**v.
> Orwige**, 731 S.W.2d 63 (Tenn.App. 1987)] is
> that, here, the appellant proposed to add a
> garage, porch and use brick on a large
> portion of the exterior of the structure.
>
> Following installation, the wheels, axles and
> tongues were to be removed from each of the
> units.  As in **Albert**, the wheels, axles and
> tongues could be reattached to the units,
> which could then be separated and towed away
> from defendants' lot in the same manner as
> they had been brought to defendants'
> property.  A certificate of origin for a
> vehicle was issued by the manufacturer and a
> vehicle identification number was assigned to
> it.

*Id.* at 738.  After considering the statutory definitions of a

"manufactured home"[2] and a "mobile home or house trailer,"[3] we

found that the structure in question fell within both

definitions.  *Id.* at 737.  We then held as follows:

> The court [in **Albert v. Orwige**] noted that
> the manner of construction between a "modular
> home" and a "mobile home" was a difference
> without a distinction.  We agree that the
> same reasoning can be applied to a
> "manufactured home" and a "mobile home."

*Id.* at 738.  We also found that the terms "mobile home" and

"trailer" had been used interchangeably during the relevant time

period.[4]  *Id.* at 739.  Thus, we held that the trial court had

---

[2]*See* T.C.A. § 68-126-202(4).

[3]*See* T.C.A. § 55-1-105(1) ("'Mobile home or house trailer' means any vehicle or conveyance, not self-propelled, designed for travel upon the public highways, and designed for use as a residence, office, apartment, storehouse, warehouse, or any other similar purpose.")

[4]The relevant restrictions in **Beacon Hills** were recorded on October 21, 1977.  *Id.* at 737.  The restrictions in the instant case were recorded on November 17, 1975.

6

properly enjoined the appellant from placing the proposed structure in the subdivision.  *Id.*

Likewise, we reached a similar conclusion in the case of *Albert v. Orwige*, 731 S.W.2d 63 (Tenn.App. 1987).  As indicated in the *Beacon Hills* opinion, which relies heavily on *Albert*, the structures at issue in the two cases were substantially similar.  *Beacon Hills*, 911 S.W.2d at 738.  In *Albert*, we noted, among other things, that "[t]he majority of courts... have held that removing the wheels or running gear of a mobile home and placing it on a permanent foundation does not convert the home into a permanent structure."  *Id.* at 67.  We then found the structure in question to be a mobile home, despite the fact that it was a "double-wide" and was constructed of materials different from those found in many mobile homes.  *Id.* at 68.  Noting that the structure was readily "capable of being separated and transported to and reassembled at another lot," we held that the trial court had properly ordered its removal from the subdivision.  *Id.*

Upon review of the record in the instant case, we are of the opinion that the structure which Kerns proposes to place on her lot in Town and Country Estates is substantially the same as the structures in *Beacon Hills* and *Albert.*  The evidence does not preponderate against the trial court's findings regarding the pertinent characteristics of Kerns' proposed home.  Rule 13(d), T.R.A.P.  The home's distinguishing features -- its off-site construction, its construction on a steel I-beam frame, its transportation by road in two sections to the lot, the assignment

7

of a vehicle identification or serial number to each section, and the fact that it can be relocated easily following reattachment of the wheels and axles -- are substantially similar to the features exhibited by the structures in **Beacon Hills** and **Albert.** Thus, the principles set forth in those cases are controlling here.

In view of its aforementioned characteristics, it is clear that the home at issue in the instant case falls within the type of structures that the applicable subdivision restrictions were intended to prohibit. As explained above, Kerns' proposed home is not distinguishable from other structures previously found to be mobile homes or trailers. *See* **Beacon Hills**, 911 S.W.2d at 737-39; **Albert**, 731 S.W.2d at 64-65. Accordingly, we hold that the trial court correctly determined that the structure in question is prohibited by the subdivision restrictions applicable to Town and Country Estates. The trial court therefore properly enjoined Kerns from placing the manufactured home on her property.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded to the trial court for such further proceedings as may be necessary, consistent with this opinion, and for collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:

8

_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.