IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

July 28, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| JOHN REGINALD BEHM, | ) C/A NO. 03A01-9810-CH-00339 |
| Plaintiff-Appellant, | ) |
| v. | ) APPEAL AS OF RIGHT FROM THE ) LOUDON COUNTY CHANCERY COURT |
| SANDRA SMITH BEHM, | ) |
| Defendant-Appellee. | ) |
| FRED A. CHANEY, CLERK AND MASTER, | ) |
| Amicus Curiae. | ) HONORABLE FRANK V. WILLIAMS, III ) CHANCELLOR |

For Appellant

LARRY C. VAUGHAN
KIMBERLY R. TAYLOR
Vaughan and Zuker
Knoxville, Tennessee

For the Amicus Curiae

RUSSELL JOHNSON
REX A. DALE
Johnson & Dale
Loudon, Tennessee

O P I N I O N

AFFIRMED AND REMANDED                    Susano, J.

In this divorce case, the sole question before the trial court was whether the Clerk and Master, as the court-appointed Special Commissioner, was entitled to a fee to compensate him for his efforts, albeit unsuccessful, to sell the parties' 25 acres in Loudon County. Following an evidentiary hearing, the trial court ordered John Reginald Behm ("Husband") to pay the Clerk and Master a fee of $6,000.[1] Husband appeals, arguing, in effect, that the evidence preponderates against the trial court's judgment.

I

Our review of this non-jury case is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Rule 13(d), T.R.A.P.; *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). We must honor this presumption unless we find that the evidence preponderates against those findings. Rule 13(d), T.R.A.P.; *Wright*, 898 S.W.2d at 181*; Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are not accorded the same deference. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

Our *de novo* review is also subject to the well-established principle that the trial court is in the best

---

[1] While claiming that no fee was due, Husband acknowledged at trial that as between him and his former wife, he was responsible for the fee in the event the trial court found that one was due.

2

position to assess the credibility of the witnesses; accordingly, such determinations are entitled to great weight on appeal. ***Massengale v. Massengale***, 915 S.W.2d 818, 819 (Tenn.App. 1995); ***Bowman v. Bowman***, 836 S.W.2d 563, 566 (Tenn.App. 1991).

II

By order entered May 15, 1998, the parties agreed that the Clerk and Master, Fred A. Chaney, as Special Commissioner, would sell their former marital residence and 25 acres at auction for $250,000 "unless the parties...agree[d] to a lower amount at the time of auction."  Among other things, the order also provided

> that the Special Commissioner, by performing the aforesaid extraordinary services in the sell [sic] of the property in this cause as ordered by the Court is entitled to receive additional compensation in the amount of three percent (3%) commission of the sale price at the time of the closing, said amount to be paid directly to the Clerk & Master's office.

Mr. Chaney attempted to auction the property on June 27, 1998.  By agreement of the parties, a beginning bid of $200,000 was requested.  No bids were received, and Mr. Chaney announced that there "was no sale."

On June 29, 1998, Mr. Chaney filed his "Special Commissioner's Report of Sale."  The Report concludes as follows:

> At the conclusion of the sale, the Special Commissioner reminded Mr. and Mrs. Behm that

3

> a bill for one-half of the costs of the sale
> will be mailed to them within one week and
> these costs are to be paid by them
> immediately.  It was also explained that the
> Special Commissioner is to receive the 3%
> commission on the total sales price of the
> property at the time of closing, regardless
> who sells the property.  Mr. and Mrs. Behm
> said they understood and agreed with the
> Special Commissioner concerning both matters.

On July 11, 1998, Sandra Smith Behm ("Wife") received an offer from Husband to purchase her interest in the property for a net of $62,763.86.  Husband's written proposal was based on a hypothetical sales price of $200,000.  Included in his calculation was a deduction of $6,000, which he described as "Special Commissioner 3%."  Wife countered with an offer to take $86,314.11 for her interest.  Her counter was based on a hypothetical sales price of $230,000 and reflected, among her computations, a deduction for $6,900 for "Special commission of 3%."  Husband agreed to purchase Wife's interest in accordance with the terms of her counter-offer, and the transaction was subsequently consummated.

At trial, Husband took the position that the order of May 15, 1998, contemplates a commission to Mr. Chaney if, and only if, the latter sold the property.  He denied that he had ever agreed to pay Mr. Chaney a commission other than as a charge attendant to an actual sale by the Clerk and Master.

Mr. Chaney testified that the parties had a different understanding.  He stated that it was agreed between the Behms and him that "I get my three percent commission...I get it no matter who sells it, how it's sold down the road."

4

The trial court allowed Mr. Chaney a fee of 3% on a sales price of $200,000, *i.e.*, a fee of $6,000.[2]  In so doing, the trial court noted that it

> [had] no problem whatsoever believing Mr. Chaney when he says he would not have undertaken a sale of this property under any circumstances without knowing that he was going to get paid in the event that it didn't bring their minimum.

Our interpretation of the trial court's remarks is that it resolved the credibility issues in this case in favor of Mr. Chaney.  As we have previously indicated, such determinations are entitled to great weight on appeal.  ***Massengale***, 915 S.W.2d at 819.  Thus, while we acknowledge conflicting testimony on the subject of the Special Commissioner's fee, we cannot say, in view of the trial court's credibility determinations, that the evidence preponderates against the trial court's judgment that the parties' agreement contemplated a fee for Mr. Chaney regardless of whether he was successful in auctioning off the parties' property.

III

The judgment of the trial court is affirmed.  Costs on appeal are taxed against the appellant.  This case is remanded for such further proceedings, if any, as may be required, consistent with this opinion, and for collection of costs assessed below, all pursuant to applicable law.

---

[2]The computation of the fee is not an issue on this appeal.

5

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Herschel P. Franks, J.