# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 2, 2003 Session

## KIMBERLY SUE JENKINS v. JODY DALE JENKINS, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 01D921     Jacqueline E. Schulten, Judge**

**FILED MAY 30, 2003**

**No. E2002-01979-COA-R3-CV**

Kimberly Sue Jenkins (Mother)[1] appeals the Trial Court's decision to terminate her parental rights regarding her daughter (Child). In the final decree of divorce between Mother and Jody Dale Jenkins (Father), custody of Child was awarded to Child's paternal grandmother, Appellee E. Jean Dabovich (Grandmother). Mother filed a petition requesting modification of the visitation order set forth in the divorce decree. Grandmother filed a counter-petition for termination of Mother's parental rights. The Trial Court found that there had been no visitation between Mother and Child for more than four years, and that Mother had never paid any child support as ordered in the divorce decree. The Court found it in Child's best interest to terminate Mother's parental rights. We affirm the judgment of the Trial Court.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Brian M. House, Ringgold, Georgia, for the Appellant, Kimberly Sue Jenkins

Glenna M. Ramer, Chattanooga, for the Appellee, E. Jean Dabovich

## OPINION

Mother and Father were divorced by order of the Superior Court of Catoosa County, Georgia, on May 6, 1998. In the divorce decree, the Court held as follows:

> The Court grants the Motion filed by the paternal grandmother, that full and legal custody of the parties' minor child, JOCELYN ELIZABETH LONG, date of birth 5/19/94, shall be vested in the

---

[1]Mother has remarried and her name presently is Kimberly Sue Biles.

paternal grandmother, E. JEAN DABOVICH. The Court finds as a matter of fact that both parents have, in the past, failed to provide a wholesome and/or stable home for the child. It is in the best interests of the child for the paternal grandmother to have full custody of the child. It shall be the right of the Plaintiff/Father and Defendant/Mother to visit with the child and have the child visit with them at all reasonable times and all reasonable places as the parties and the grandmother may agree.

On May 3, 2001, Mother filed a petition in the Hamilton County Circuit Court requesting that the Court set specific dates and times for her visitation with Child. Grandmother answered and filed a counter-petition for termination of Mother's parental rights. Upon oral motion by Grandmother, which was agreed to by Mother, the Father was dismissed from this action and he is not involved in this appeal.

After a hearing held on August 7, 2002, the Trial Court found as follows:

Based upon all of the evidence (which the Court found to be overwhelming), the Court finds that there has been absolutely no support paid by [Mother] for the benefit of Jocelyn Jenkins[2] for a period in excess of four (4) years. The Court notes, in particular, that this action has been pending for in excess of one year and during this year, while [Mother] was presumably on notice of her obligation to pay support, she has paid none.

Based upon all of the evidence (which the Court found to be overwhelming), the Court finds that there has been no visitation between [Child] and [Mother] for a period in excess of four (4) years. Again, the Court notes that while this action has been pending for one (1) year there has been no request for visitation nor has there been any visitation between [Child] and [Mother].

Based upon the lack of visitation and the lack of support, the Court finds that [Mother] has abandoned [Child] as that term is defined by statute.

(Parentheses shown as brackets in original.) The Court accordingly ordered Mother's parental rights terminated. Mother appeals, raising the issue, as stated in her brief, of whether the Trial Court erred in the termination of her parental rights.

---

[2]The Trial Court's order refers to Child by the name of "Jocelyn Jenkins" while the divorce decree from Catoosa County, Georgia Superior Court calls her "Jocelyn Elizabeth Long." There is nothing in the record showing the reason for this discrepancy.

Our standard of review in a termination of parental rights case was set forth in the recent, and factually similar, case of *Tennessee Dept. of Children's Services v. L.F.*, an opinion of this Court filed in Knoxville on April 30, 2003:

> In this non-jury case, our review is *de novo* upon the record of the proceedings below; but the record comes to us with a presumption of correctness as to the trial court's factual determinations--a presumption that we must honor unless the evidence preponderates against those findings. Tenn. R.App. P. 13(d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn.1995); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993). The trial court's conclusions of law, however, are accorded no such presumption. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn.1996); *Presley v. Bennett,* 860 S.W.2d 857, 859 (Tenn.1993).
>
> It is settled that "parents have a fundamental right to the care, custody, and control of their children." *In re Drinnon,* 776 S.W.2d 96, 97 (Tenn.Ct.App.1988) (citing *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972)). However, this right is not absolute and may be terminated if there is clear and convincing evidence justifying termination under the pertinent statutory scheme. *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Clear and convincing evidence is evidence that "eliminates any serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence." *O'Daniel v. Messier,* 905 S.W.2d 182, 188 (Tenn.Ct.App.1995).

T.C.A. 36-1-113(c) provides that termination of parental or guardianship rights must be based upon a finding, by clear and convincing evidence, that the grounds for termination of parental or guardianship rights have been established, and that termination is in the best interests of the child. T.C.A. 36-1-113(g) states that initiation of termination of parental rights may be based upon the ground of abandonment by the parent, as defined in T.C.A. 36-1-102 as follows:

> As used in this part, unless the context otherwise requires:
> (1)(A) "Abandonment" means, for purposes of terminating the parental or guardian rights of parent(s) or guardian(s) of a child to that child in order to make that child available for adoption, that:
>     (i) For a period of four (4) consecutive months immediately preceding the filing of a proceeding or pleading to terminate the parental rights of the parent(s) or guardian(s) of the child who is the subject of the petition for termination of parental rights or adoption, that the parent(s) or guardian(s) either have willfully failed to visit or

have willfully failed to support or make reasonable payments toward the support of the child;

* * *

(D) For purposes of this subdivision (1), "willfully failed to support" or "willfully failed to make reasonable payments toward such child's support" means that, for a period of four (4) consecutive months, no monetary support was paid or that the amount of support paid is token support;

(E) For purposes of this subdivision (1), "willfully failed to visit" means the willful failure, for a period of four (4) consecutive months, to visit or engage in more than token visitation[.]

As this Court noted in the *L.F.* case,

The statutory definition of "willfully failed to support" and "willfully failed to make reasonable payments toward such child's support," as defined in Tenn.Code Ann. § 36-1-102(1)(D), was held to be unconstitutional by the Tennessee Supreme Court in *In re Swanson,* 2 S.W.3d 180, 188 (Tenn.1999). The court in *Swanson* stated that, pending legislative action to cure the statute's constitutional infirmity, actions in juvenile court seeking to terminate parental rights for abandonment based upon a failure to support would be controlled by the statutory definition of abandonment in effect prior to the enactment of the adoption code, adopted effective January 1, 1996. Under the prior provision, an abandoned child was defined as one "whose parents or other persons lawfully charged with his [or her] care and custody ... willfully fail to support or make payments toward his [or her] support for a period of four (4) consecutive months." Tenn.Code Ann. § 37-202(7) (Supp.1970) (repealed effective January 1, 1996). *See Pack v. Rogers,* 538 S.W.2d 607, 609, 610 (Tenn.Ct.App.1976).

In the present case, Mother does not dispute that she has never paid child support, despite the order in the divorce decree that she pay $20 per week in child support. While it is not clear from the record that Mother was employed such that she would have been able to make payments during the entire period of time since the decree, at the time of her deposition, she was employed in a full-time position earning over $10 per hour. She testified that she has been so employed since September of 2000.

The primary excuse Mother offers for her failure to pay any child support is her testimony that Grandmother refused to accept support and told her she did not need it. This assertion is contradicted by Grandmother, who testified that Mother told her that "it would be a cold day in H before she ever paid child support." Grandmother testified that Mother never sent Child a card or gift for Christmas or her birthday.

Regarding visitation, it is undisputed that Mother had three or four visits with the Child in 1998 and has had no visitation since. Mother testified to the effect that Grandmother had made it difficult to contact her and was reluctant to allow Mother to visit with her daughter. Grandmother testified that Mother did not request any visitation after 1998.

The Trial Court obviously credited Grandmother's testimony on these issues, which are factual determinations, supported by clear and convincing evidence, that we decline to disturb on appeal. Based on our review of the record and application of the pertinent statutory authorities, we find no error in the Trial Court's holding that Mother has abandoned her Child due to her failure to pay child support and complete absence of visitation for over four years.

Dr. Irene Ozbek, a child psychiatrist who met with and examined Child on two occasions, testified at the hearing. Dr. Ozbek stated that Grandmother was Child's "psychological mother." She testified that Child "was very clear" that she did not want to see her Mother, and that "the memories [Child] has are of her mother pushing cigarettes down her throat until she gagged and pouring chocolate milk on her."

The Trial Court found that it would be "extremely psychologically disruptive" to allow Mother to re-enter Child's life after over four years, and that it is in Child's best interest to terminate Mother's parental rights. The record contains clear and convincing evidence which fully supports this finding.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Appellant, Kimberly Sue Jenkins, and her surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

-5-