PAMPLIN *v.* SATTERFIELD.

(*Nashville,* December Term, 1953.)

Opinion filed March 3, 1954.

HOWARD F. BUTLER, of Nashville, for appellant.

MOORE, CROWNOVER, BRANSTETTER & FOLK, of Nashville, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The bill in this cause was filed seeking recovery of a diamond ring or its equivalent in cash. The bill alleged that in 1937 or 1938 the mother-in-law of the appellant gave her a fine diamond ring which the appellant accepted but because the mother-in-law had previously given her a ring which was smaller than the one in question the appellant insisted that the mother-in-law keep the ring and wear it until her death as appellant did not need two rings. The bill further alleged that the mother-in-law on many occasions thereafter insisted that the appellant take the ring and that these insistences were made in the presence of others but that appellant agreed that the mother-in-law would act as her agent and trustee and continue to keep and enjoy the ring but only in such capacity. This arrangement was discussed with other members of the family including the after-acquired husband of the mother-in-law, a Mr. Satterfield. When the mother-in-law died in 1941 it was further agreed that Mr. Satterfield keep the ring until his death and Mr. Satterfield informed the appellant, in the presence of his son, that he wanted his son to see that the appellant got the ring. The ring was thus left with the Satterfields until Mr. Satterfield's death some years later when suit was instituted and it was

found in that suit that the son of Mr. Satterfield had given the ring to his wife, the present appellee, and after this discovery the present suit was instituted. Of course the bill alleges that demands were made for the ring prior to the institution of the suit. To this suit the defendant below, appellee here, filed her demurrer setting forth several grounds thereof. The second ground of the demurrer is that "said bill shows on its face that there was no delivery, actual or constructive, of the diamond ring." The Chancellor sustained this ground of the demurrer and dismissed the bill. From this action of the Chancellor the appellant has seasonaby perfected her appeal and we now have the matter for determination.

It is the contention of the appellant that there had been a constructive delivery of the ring to her and that the subsequent holders thereof were merely holding as agents of and trustees for the appellant. Counsel relies upon the case of *Collins* v. *McCanless,* 179 Tenn. 656, 169 S. W. (2d) 850, 852, 145 A. L. R. 1380, as authority for the position that she takes. The opinion in this case was prepared for this Court by the late Chief Justice Green. It involves the question of whether or not certain bonds were taxable in toto, Mrs. Collins contending in that case that half of the bonds which had been taxed by the Commissioner of Finance and Taxation were given to her by her husband prior to his death. The Commissioner took the position since there was no physical delivery of these bonds that the gift had not been completed and therefore the whole of the bonds were taxable as a part of his estate. This Court though held that in a question of the kind where we are considering a gift of an undivided interest in a specific thing the situation is different from the ordinary gift inter vivos. The reasoning of the Court goes thus:

"There can be no actual physical delivery of an undivided interest in a particular property. If a half of the thing is separated and delivered, there will be a gift of a divided part of the thing, not of an undivided interest in the whole. And many chattels, an animal for instance, would not be susceptible of division and manual delivery of an interest in a living animal would be impossible."

On the basis of this reasoning it was held that the gift of half of these bonds without actual delivery was sufficient so that the half thus given were not taxable. The Court then in a very excellent and able opinion reviews cases from England and many jurisdictions in this Country to substantiate its reasoning.

The Court further said:

"If the gift here had been a gift of all the bonds, under the circumstances we have detailed, the contention of the Commissioner that there was no completed gift would probably be good. Delivery is of course essential to complete a gift and retention by the donor of any dominion and control over the subject matter of the gift is ordinarily fatal to its validity. This court has so held many times. Among our later cases in which the earlier decisions are reviewed may be mentioned *Deitzen* v. *American Trust & Banking Co.,* 175 Tenn. 49, 131 S. W. (2d) 69; *Chandler* v. *Roddy,* 163 Tenn. 338, 43 S. W. (2d) 397; *Scott* v. *Union Planters' Bank & Trust Co.,* 123 Tenn. 258, 130 S. W. 757. Many of these cases, however, recognize that there may be a constructive delivery." 179 Tenn. at page 660, 169 S. W. (2d) at page 851.

Thus it will be seen that in the only case relied upon by the appellant the Court there clearly recognizes the

general rule and that the rule applied in the Collins case was an exception because there could be no actual delivery of an undivided interest in properties of the kind.

In the cases referred to in the quotation last above this Court has clearly laid down the rule with reference to gifts inter vivos in this State to be that intention to give and delivery of the subject of the gift must clearly appear. Doubts must be resolved against the gift. There is no delivery unless the complete dominion and control of the gift is surrendered by the donor and acquired by the donee. The burden of proving that a gift was made is upon the donee. Since the cases above referred to, this Court has likewise had the case of *Figuers* v. *Sherrell,* 181 Tenn. 87, 178 S. W. (2d) 629, 152 A. L. R. 420, which opinion was likewise prepared for this Court by the late Chief Justice Green.

It is interesting to note too that Judge Green also prepared the opinion for this Court in *Chandler* v. *Roddy,* supra. In all of these cases including that of *Figuers* v. *Sherrell,* this Court has consistently laid down the general rule above referred to. Of course the case of *Collins* v. *McCanless,* supra, relied upon is a very reasonable and logical exception to this rule, but the exception as set forth in *Collins* v. *McCanless,* supra, relied upon here, certainly is not and can not be applicable to property sought to be recovered herein—a diamond ring. Two of the present members of this Court were on the losing side of two of the cases referred to, the writer of this opinion in *Chandler* v. *Roddy,* and Mr. Justice Tomlinson in the *Figuers* v. *Sherrell* case. The question is obviously very interesting to us. In the *Figuers* v. *Sherrell* case the question of the delivery there was shares of corporate stock, the Court holding that there was no

delivery of this stock as long as the subject of the gift had not been completed and dominion and control thereof had not been surrendered by the donor and acquired by the donee.

It thus seems to us, taking the facts of the bill as alleged therein as true, that there is no delivery, actual or constructive, of the diamond ring. This being true under the authorities as above cited the Chancellor was correct in sustaining the ground of demurrer above set forth. For the reasons above stated the decree of the Chancellor must be sustained.