STATE OF TENNESSEE ex rel. ODIE TEAGUE,
Executor of the Estate of John Wright Gooch, Deceased,
Plaintiff-Appellee, v. THE HOME INDEMNITY COM-
PANY, Defendant-Appellant—442 S.W.2d 276.

Western Section. December 14, 1967.

Certiorari Denied by Supreme Court May 6, 1968.

E. J. Nunn, Jackson, for appellant.

Glenn H. Whitlow, Selmer, for appellee.

CARNEY, J. The Trial Court, without a jury, awarded a judgment of $5,350 in favor of the plaintiff below, State of Tennessee ex rel. Odie Teague, Executor of the estate of John Wright Gooch, deceased, against the defendant, The Home Indemnity Company, a corporate surety for Johnson Gooch, formerly administrator of the estate of John Wright Gooch. The defendant had admitted liability for and paid into court the sum of $350 but denied liability for the remaining $5,000. This appeal is from the judgment for the disputed $5,000.

The deceased, John Wright Gooch, was a resident of McNairy County, age 94 when he died on October 28, 1955. He had no children and his wife had pre-deceased him several years before. He had been living in the home of his half brother, Marshall Gooch. On July 27, 1955, John Wright Gooch had given Johnson Gooch, his nephew, a general power of attorney which was in force at the time of the death of John Wright Gooch.

John Wright Gooch was a man of considerable means owning real estate and cash in bank and postal saving in excess of $20,000. His only relatives were half brothers, half sisters and nieces and nephews. On at least one occasion prior to October 1, 1955, John Wright Gooch had made a partial distribution of his property to his nearest kin by giving a specific amount of money to his nephew, Johnson Gooch, with instructions to divide it into ten parts with each half brother and half sister receiving one-tenth and the children of deceased brothers and sisters receiving one-tenth collectively. His half sister, Mrs. Myrtle Smallwood, lived directly across the road from John Wright Gooch and her brother, Marshall Gooch. She had about $21,000 in cash deposited in several

banks in the area all in the name of Mrs. Myrtle Small-wood but it was fully understood by all the members of the family that this money belonged to John Wright Gooch.

On or about October 6, 1955, Johnson Gooch was in need of some money. On or about October 6, 1955, either in person or through Marshall Gooch and Myrtle Small-wood, Johnson Gooch persuaded John Wright Gooch to make an additional distribution of $10,000. At this time the memory of John Wright Gooch was failing. Some days he was clear in his thinking and on other days he was hazy and did not know people. He stayed in bed a great deal of the time.

John Wright Gooch directed Myrtle Smallwood to withdraw $10,000 in cash from her bank accounts and deliver the same to Johnson Gooch for the purposes of distribution to the nearest relatives. Each brother and sister, or half brother and half sister, was to receive $1,000 each and children of deceased brothers and sisters their pro rata share. On October 12, 1955, Myrtle Small-wood issued to Johnson Gooch a check on the Bank of Middleton, Middleton, Tennessee, in the amount of $5,000 which was all the money she had on deposit in that bank. Myrtle Smallwood intended to give Johnson Gooch another check for $5,000 drawn on a bank in Corinth, Mississippi, to be distributed in the same manner as the proceeds of the $5,000 check drawn on the Bank of Middleton. The physical condition of John Wright Gooch worsened rapidly from day to day and it seemed to have been agreed among Johnson Gooch, Marshall Gooch and Myrtle Smallwood that John Wright Gooch's mind was so bad that she should not write the check for the remaining $5,000.

Johnson Gooch cashed the $5,000 check on the Bank of Middleton and deposited the money in the bank in Selmer, Tennessee, to his personal credit. He made no effort to distribute any part of the $5,000 prior to the death of John Wright Gooch on October 28, 1955. John Wright Gooch had a will dated August 22, 1944, which bequeathed his property to his nearest relatives substantially in the same manner as they would take by the laws of descent and distribution except one or two additional persons were named as beneficiaries in the will who would not take under the laws of descent and distribution. It was agreed among the closest relatives that John Wright Gooch did not want them to ''run the will.'' By consent of the closest relatives, on November 3, 1955, Johnson Gooch was named and duly qualified as the administrator of the estate of John Wright Gooch in the County Court of McNairy County, Tennessee, with the defendant Home Indemnity Company as surety on his administrator's bond. On November 3, 1955, the date of qualification of Johnson Gooch as administrator, he had on deposit in a bank in Selmer, Tennessee, the $5,000 which he had received from Myrtle Smallwood. Immediately after Johnson Gooch qualified as administrator Myrtle Smallwood turned over to him more than $15,000 remaining in her hands as property of the estate of John Wright Gooch.

After being appointed administrator Johnson Gooch failed and refused to make distribution of the $5,000. Instead, he assumed a completely hostile and adverse position stating that John Wright Gooch had told him to deliver the $5,000 to his (Johnson Gooch's) wife. Thereupon Marshall Gooch, Myrtle Smallwood and possibly other relatives decided that they had better ''run

the will" of John Wright Gooch and on March 3, 1956, the same was admitted to probate in the County Court of McNairy County. Odie D. Teague, a nephew of John Wright Gooch, was name executor in the will. Letters testamentary were issued to him after proper qualification.

On March 29, 1956, Johnson Gooch filed a request that he be allowed to resign as administrator. On May 9. 1956, he filed his final settlement in the County Court of McNairy County. In the settlement he failed to charge himself with the $5,000 which he had received from John Wright Gooch on October 12, 1955, contending that this $5,000 was intended as a gift from John Wright Gooch to Mrs. Eula Gooch, wife of Johnson Gooch. The executor filed exceptions to the final settlement. The litigation ultimately was decided adversely to the contention of Johnson Gooch in an opinion of this court by Presiding Judge Avery filed of date April 28, 1959. This court held that the evidence was insufficient to prove a gift to Mrs. Eula Gooch and that the administrator should be charged with said $5,000. The Home Indemnity Company, appellant here, was not a party to this litigation. Judgment was rendered against Johnson Gooch, administrator, in favor of Odie Teague, executor of the estate of John Wright Gooch, in the amount of $5,000. Execution was issued and returned by the sheriff of McNairy County marked "nulla bona." The suit in the present cause was brought to recover on the official administrator's bond which the defendant, Home Indemnity Company, had signed as surety.

On the present appeal The Home Indemnity Company insists that the judgment of the Circuit Court and of the Court of Appeals that Johnson Gooch was charge-

able as administrator with the $5,000 received on October 12, 1955, is not res judicata as to The Home Indemnity Company. Solicitor for appellee executor does not dispute this insistence. While the writer of this opinion thinks the judgment may be res judicata it is unnecessary to decide such question for the reasons herein set out.

The Home Indemnity Company, appellant herein, predicates its appeal almost entirely upon the case of Scott v. Union & Planters Bank, (1910), 123 Tenn. 258, 130 S.W. 757, which arose in Lauderdale County, Tennessee, though the litigation was instituted in the Chancery Court of Shelby County, Tennessee. We copy from the brief of solicitor for appellant as follows:

"The nearest case in point that we can find and which is also one of the leading cases on the question here presented is the case of Scott against [Union & Planters] Bank, 123 Tennessee, page 258, 130 S.W. 757. In that case Mr. J. C. Marley, a resident of Lauderdale County, Tennessee, was a man about eighty-one years of age and was seriously ill. He had a lock box in the Union Planters Bank and Trust Company in Memphis, Tennessee, which contained $50,500.00 of U. S. government bonds. On the 11th day of May, 1909, Mr. Marley wrote a note to the president of the Union and Planters Bank and Trust Company to permit his nephew, Joe M. Scott, to enter his lock box and get some papers. Mr. Marley instructed his nephew "take the key and go bring the bonds and everything in the box and give it to your mother". J. C. Marley died at 12:30 A.M. on May 12, 1909, before the said Joe M. Scott returned with the bonds. Relatives of the said J. C. Marley contested this gift to his sister, Mrs. H. M. Scott. The court held as follows: 'After a careful

examination of the records we have reached the conclusion which was sustained by clear and cogent proof that the deceased, in sound mind, uninfluenced otherwise than by strong affection for his sister, intended to and gave her those choses in action, and, to obtain the proceeds of same for her, directed Joe M. Scott to take charge of them to that end as her agent or trustee. The gifts thus made were unqualified in terms. The donor neither reserved to himself interest in or possession of these properties.'

We could paraphrase the opinion in that case with the case at bar for John Wright Gooch; that because of a strong affection for his relatives he intended to and did give them the $5,000.00 in controversy here, and, to obtain the proceeds of the gift he directed his sister, Myrtle Smallwood, in whose name the money was deposited, to deliver same to Johnson Gooch, which she did to the end that he might take charge of the gift as the agent or trustee of the ten brothers and sisters or their representatives. The $5,000.00 gift was made without any qualifications or restrictions whatever. John Wright Gooch neither reserved to himself interest in or possession of the $5,000.00 withdrawn from the Bank of Middleton on the 12th day of October, 1955, and delivered to the said Johnson Gooch.''

It is thus the insistence of Home Indemnity Company that when Johnson Gooch received the $5,000.00 check from Myrtle Smallwood and cashed the same, he received such proceeds as the agent of the intended donees, the nearest relatives of John Wright Gooch. With this insistence we must respectfully disagree. Johnson Gooch, in addition to being his nephew, stood in a position of confidential relationship toward John Wright Gooch and

was acting as his agent under a written power of attorney which gave him broad powers to rent property, to pay debts, to make deposits, to endorse checks payable to John Wright Gooch for deposit, and to sign and issue checks.

It is not necessary in this case to determine whether the attempted gift by John Wright Gooch was a gift inter vivos or a gift causa mortis. The elements essential to a complete gift are the same by whatever name the gift may be called. There must be a purpose to give; the purpose must be expressed in words or signs and must be executed by the actual delivery of the thing given to the donee or to some person for him. A gift causa mortis must be executed precisely as required in the case of a gift inter vivos, both possession and title must pass to the donee but a gift causa mortis is revokable at any time by the donor. Other differences between a gift inter vivos and a gift causa mortis are (1) the gift must be made under the apprehension of death from some present disease or some other impending peril and it becomes void by recovery of the donor from the disease or by his escape from peril; (2) the gift becomes void by the death of the donee in the lifetime of the donor; (3) such gift is subject to the debts of the donor if there is a deficiency of assets. See Phillips' Pritchard on Wills, 3rd Edition, Vol. 1, page 426, Section 474. The donor, John Wright Gooch, died before the death of the intended donees and he himself made no attempt to revoke the gift during his lifetime. His estate is fully solvent. Therefore, we find it unnecessary to determine whether the gift was intended to be a gift inter vivos or a gift causa mortis.

██ The general rules in Tennessee with respect to delivery of a gift causa mortis are the same as the rules with respect to delivery of a gift inter vivos. Chandler v. Roddy, (1931), 163 Tenn. 338, 43 S.W.2d 397. Solicitor for appellee insists that there has been no completed delivery of the $5,000 to the intended donees. One of the most recent statements by our Tennessee Supreme Court on the question of the delivery of gifts is to be found in the case of Pamplin v. Satterfield, (1954), 196 Tenn. 297, 265 S.W.2d 886, 887, in which Chief Justice Burnett states the rule with reference to gifts inter vivos in this state to be that intention to give and delivery of the subject of the gifts must clearly appear. Doubts must be resolved against the gift. There is no delivery unless the complete dominion and control of the gift is surrendered by the donor and acquired by the donee. The burden of proving that a gift was made is upon the donee. See also First National Bank, Executor v. Howard, (1957), 42 Tenn.App. 347, 302 S.W.2d 516.

██ In the case at bar John Wright Gooch authorized a gift of $10,000. Only $5,000 or one-half of the intended gift was ever withdrawn from the bank and put in the hands of Johnson Gooch for delivery to the intended donees. From his actions we must infer that Johnson Gooch, agent for John Wright Gooch, received the $5,000 from his principal, John Wright Gooch, with a secret intention to convert the same to his own use or deliver it to his (Johnson Gooch's) wife. Thus insofar as the principal, John Wright Gooch, was concerned it became an incomplete and abortive gift even of the $5,000 because of the perfidy and fraud of his agent, Johnson Gooch. The $5,000 which was on deposit in the Selmer, Tennessee, bank in the name of Johnson Gooch, agent of

John Wright Gooch, was in law and in fact still the property of John Wright Gooch when Johnson qualified as administrator of John Wright Gooch's estate on November 3, 1955. The nearest of kin, the intended donees, never did receive the intended gift nor did anyone accept said gift on their behalf. They have not brought suit to claim a completed gift. At the time of the death of John Wright Gooch the intended gift was still executory.

In the case of Scott v. Union & Planters Bank, supra, relied upon so heavily by appellant, the gift was upheld by the court on the principle that the money was delivered by the donor into the hands of the son of the donee who accepted said gift on behalf of the donee in the lifetime of the donor. The assignments of error are without merit and must be respectfully overruled. The decree of the lower court is affirmed and the costs in the court below and in this court are taxed against the appellant.

Avery, P. J. (W. S.), and Bejach, J., concur.