# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 18, 2001 Session

## IN RE: ESTATE OF FANNIE MAE JOHNSON, DECEASED

**Direct Appeal from the Probate Court for Shelby County**
**No. B-28101    Robert S. Benham, Judge**

---

**No. W2000-01510-COA-R3-CV - Filed August 2, 2001**

---

This appeal arises from the trial court's finding that a bank account was part of Decedent's estate and not the property of Executrix. In 1987, Decedent added Executrix to a bank account. Decedent failed to mark the portion of the card signifying that the account was to have rights of survivorship. After Decedent died, Executrix conducted an accounting in which she did not include the account. Beneficiary contested the accounting arguing that account should be part of the estate. Executrix argued that the addition of her name to the account created a presumption that the account's right of survivorship was a gift *inter vivos*. The trial court found that no presumption existed and that the account was part of the estate. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Paul A. Robinson, Jr., Memphis, Tennessee, for the appellant, Edna Johnson Wright, Executrix.

Kathleen N. Gomes, Memphis, Tennessee, for the appellee, Rebecca Moore.

## OPINION

In 1987, Fannie Mae Johnson (Decedent) added the name of Edna Johnson Wright to a First Tennessee bank account which previously had been in Ms. Johnson's sole name. The signature card with which Decedent made this change contained the following section:

Right of Survivorship?        \_\_\_\_ YES        \_\_\_\_ NO
Customers Initials      _____

Neither 'yes' nor 'no' was checked by Decedent. In addition, Decedent failed to initial this area of the card.

In 1988, Decedent executed a will which she changed by a codicil in 1993. In January, 1996, Ms. Johnson died. The will and codicil were admitted to probate on September, 1997, where Ms. Wright was appointed to serve without bond.[1] Under the terms of the will, Rebecca Moore was to receive ½ of the interest in certain real property, a $20,000 specific bequest and the remainder of the estate. Ms. Moore filed a Petition for Inventory and Accounting of Decedent's estate in early 1999. When Ms. Wright filed the papers for the accounting, she did not include the First Tennessee account on the basis of her belief that Decedent had intended the account to have a right of survivorship. The failure to include this account in the accounting led Ms. Moore to file a protest with the trial court.

Ms. Wright argued to the trial court that the act of Decedent adding her name to the account in 1987 created the presumption of a gift of the right of survivorship to Ms. Wright.[2] The trial court rejected this argument, finding that the account was part of Ms. Johnson's estate and should have been included in the accounting. This appeal followed.

The issue, as we perceive it, is as follows:

Did the trial court err in holding that the bank account in question was not a joint account with rights of survivorship, and thus should be included in the estate of the Decedent?

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. *See* Tenn. R. App. P. 13(d). Accordingly, we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996); Tenn. R. App. P. 13(d). With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

### Status of Account

"[T]he rule with reference to gifts inter vivos in this State [is] that intention to give and delivery of the subject of the gift must clearly appear. Doubts must be resolved against the gift. . . . The burden of proving that a gift was made is upon the donee." *Pamplin v. Satterfield*, 265 S.W.2d 886, 888 (Tenn. 1954).

---

[1]Due to the fact that only a photocopy of Ms. Johnson's will could be found, Ms. Wright had previously filed the will and codicil in Chancery Court to establish its validity.

[2] Section 45-2-703 of the Tennessee Code details specific requirements that must be met in order to create a right of survivorship in a joint bank account. However, those provisions "shall not apply to any accounts in existence prior to January 1, 1989." Tenn Code Ann. § 45-2-703(g) (2000). Thus, we consider this case in light of the common law in existence before this statute was enacted.

In this case, Ms. Wright argues that Decedent's act of adding Ms. Wright's name to her account created the presumption of a gift of the account's right of survivorship. We disagree. The fact that Decedent added Ms. Wright's name to her account does not show any clear intent that Decedent intended the account to pass to Ms. Wright's control after Decedent's death. Indeed, the bequests of the Decedent could not be fulfilled in their entirety if the account passed in such a manner. Nothing at all in the record suggests that it was the intention of the Decedent that Ms. Wright should be granted any right of survivorship over this account. Ms. Wright has clearly failed to meet her burden of proof. In light of that fact, we hereby affirm the trial court's findings in this matter.

We note that Ms. Wright has presented several cases from other jurisdictions supporting the position that Decedent's act of adding Ms. Wright to her account should create a presumption either that the addition of her name automatically creates a right of survivorship or that the addition should be considered a gift *inter vivos* of the right to survivorship. Upon our review, however, we note that the majority of those cases involve accounts where a decedent clearly intended, through the markings on the signature card, that an account was to be a joint account with rights to survivorship. The remaining cases involve jurisdictions that had a statutory presumption that joint accounts were either *inter vivos* gifts between the parties or that they automatically created a right of survivorship between the parties listed on the account.

In the case currently before this court, there was no clear expression on the part of the Decedent that she intended the account to be a joint account with the right of survivorship. Indeed, the Decedent failed to mark the portion of the signature card that would create such a right. Tennessee also has no statutory presumptions that pre-1989 joint accounts were either gifts *inter vivos* or automatically created accounts with rights to survivorship. Thus, none of the cases presented by Ms. Wright provided this court with any reason to accept her argument that the simple act of adding someone's name to an account automatically created a presumption that the account was intended to have rights of survivorship or that the account's right of survivorship was to be a gift *inter vivos*.

### Conclusion

Based upon the foregoing conclusions, we hereby affirm the trial court's ruling. Costs on appeal are assessed against the Appellant, Edna Johnson Wright, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE