IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

| | | |
|---|---|---|
| PAULA RUTH SHEFFIELD HARTMAN | ) | HAMILTON COUNTY |
| | ) | 03A01-9608-CV-00249 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. SAMUEL H. PAYNE, |
| | ) | JUDGE |
| | ) | |
| MELVIN THOMAS HARTMAN, JR. | ) | |
| | ) | VACATED IN PART |
| Defendant-Appellant | ) | and REMANDED |

BARRY L. GOLD OF CHATTANOOGA FOR APPELLANT

CHARLES D. PATY OF CHATTANOOGA FOR APPELLEE

O P I N I O N

Goddard, P.J.

Melvin Thomas Hartman, Jr., appeals a divorce judgment rendered by the Circuit Court for Hamilton County. On appeal he insists that the Trial Court erred in its award of certain jewelry to his wife, Paula Ruth Sheffield Hartman, as separate property which was in fact marital property. Mr. Hartman also insists that the Trial Court made an inequitable division of the marital estate since the Trial Court refused to consider the tax

consequences of awarding Mr. Hartman certain retirement funds in exchange for Ms. Hartman receiving the equity in their home and other real property.

The parties were married on March 9, 1979. Both had been previously married. They had one child, who was a minor at the time of the hearing. At the time of the marriage, Ms. Hartman owned a Signal Mountain house with $5,000 in equity. At the time of the divorce, their equity had increased to approximately $48,500, including the equity in an adjacent lot of approximately $19,750. Ms. Hartman filed for divorce in July of 1994 alleging inappropriate marital conduct and irreconcilable differences. Mr. Hartman counterclaimed for divorce, alleging that Ms. Hartman committed adultery. The Trial Court rendered a judgment on October 24, 1995, awarding Mr. Hartman the divorce based on Ms. Hartman's stipulation of her inappropriate marital conduct. The Trial Court ordered that the two parties would be granted joint legal and physical custody of their minor daughter and ordered a payment schedule for her expenses and insurance. However, the Trial Court did not entirely resolve this case in the October 1995 judgment; it instead referred the issue of the division of the marital assets to a Special Master.[1]

After a hearing with the two parties, the Special Master issued a lengthy report which resolved the division of the marital assets. Mr. Hartman filed a number of objections to the

---

[1] Mr. Hartman filed a motion for reference to a Special Master due to the "complex valuation and categorization issues."

Special Master's report, and requested a hearing on these objections with the Trial Court. After a hearing in the Trial Court on February 19, 1996, on the Special Master's report, the Trial Court adopted the Special Master's report and ordered that the proposed division of assets and liabilities be adopted as part of the previous judgment, including an award of certain jewelry to the wife as separate property. The order also included an award of the equity in the house and adjacent lot to Ms. Hartman and an award of almost equal value in the form of retirement money to Mr. Hartman to account for Ms. Hartman's retaining the equity in the house.

Mr. Hartman's first issue on appeal is that the Trial Court incorrectly characterized certain items of the jewelry as gifts, and thus as separate property and incorrectly awarded them to Ms. Hartman. Mr. Hartman bases his insistence on the fact that Ms. Hartman did not carry her burden of proving that the items of jewelry were gifts. Mr. Hartman relies on the marital asset and liability lists that each party submitted to the Special Master. Mr. Hartman's list classified $33,000 worth of jewelry as marital,[2] while Ms. Hartman's list of "Statement of Assets and Liabilities" itemized each item of jewelry and valued the jewelry at approximately $16,000, without indicating whether the jewelry was marital or separate property. Ms. Hartman also filed an exhibit which was titled "Wife's Separate Property," which did not include any of the jewelry at issue on appeal,

---

[2]     Mr. Hartman's list indicated that $8,000 of the jewelry was in his possession while $25,000 was in Ms. Hartman's possession.

while it did include other jewelry which was referred to as being acquired "before" the marriage. Both parties admit that there was no testimony at the Special Master hearing or in the Trial Court on the issue of whether the items of jewelry were gifts. The Trial Judge summarily affirmed the Special Master's finding that the jewelry was separate property.

The Trial Court must equitably divide all of the "marital property." T.C.A. 36-4-121. Marital property is defined as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage." T.C.A. 36-4-121. Separate property, on the other hand, is defined in T.C.A. 36-4-121(b)(2)(d) as property "acquired by a spouse at any time by gift, bequest, devise or descent." Therefore, a gift given by one spouse to the other during marriage is considered separate property. Batson v. Batson, 769 S.W.2d 849 (Tenn. App. 1988). However, it must be proven that a gift actually occurred. This Court stated in Hanover v. Hanover, 775 S.W.2d 612, 617 (Tenn. App. 1989), that:

> The matter to be determined where there are
> interspousal gifts is whether a gift actually occurred.
> Each case must stand on its own facts. A completed
> gift requires an intention to make a gift, delivery,
> and acceptance.

The burden of proving the elements of a gift lies with the donee. Pamplin v. Satterfield, 196 Tenn. 297, 265 S.W.2d 886 (1954). In order to prove that the items of jewelry were gifts from her husband, Ms. Hartman bore the burden of proving that the elements of a gift were present.

4

Our de novo review persuades us that there is insufficient evidence to find the jewelry in question to be separate property. Ms. Hartman did not put on any proof that suggested that the items of jewelry were gifts. To the contrary, Ms. Hartman implied in her filed exhibits of "Assets and Liabilities" and "Wife's Property" that the items of jewelry in question were marital property, not separate property.

Because we find that there is insufficient evidence in the record to support the Trial Court's determination of the jewelry as separate property, we remand this issue to the Trial Court to consider additional evidence to determine whether Ms. Hartman carried her burden of proving the elements of a gift, and whether the jewelry should be considered marital property and be equitably divided in accordance with T.C.A. 36-4-121.

Mr. Hartman's second issue on appeal is predicated on the argument that the Trial Court abused its discretion by failing to consider the tax effects of an award of pension benefits to Mr. Hartman, and thus rendering an inequitable division of the marital assets. On Mr. Hartman's attempt to offer a witness, a Certified Public Accountant prepared to testify as to the tax consequences of the award to Mr. Hartman of the pension funds, the Trial Judge denied Mr. Hartman's request:

> THE COURT: I don't want to hear proof, you know, that's what we're here -- if you want to argue about the objections to this, that's fine, but just tell me what you'd like -- tell me what you would like.

5

MR. GOLD: Well, we certainly do, Your Honor, but --

THE COURT: I don't care to hear any proof on it. In fact, I've never heard proof on this one before, never had any offered before to be honest with you.

MR. GOLD: We certainly do offer her for the purposes of -- if I may just state for the record, Your Honor.

THE COURT: Well, why didn't you offer her to him [Special Master], now he's the one to do that. You see that was his job. That's why I sent it over there. I would have kept it myself if I wanted to hear all the proof. I didn't have time so I sent it to him

The Trial Court insisted that it was not required to hear additional proof on the issue, since the proof should have been offered to the Special Master.

Mr. Hartman first argued in oral argument that during a Trial Court hearing on the Special master's Report, the Trial Court must consider any new evidence that a party offers, and that by denying his offer of proof, the Trial Court abused its discretion. The Trial Court is not required to hear new evidence to a Special Master's report, according to Rule 53.04(2) of the Tennessee Rules of Civil Procedure, which states:

> In an action to be tried without a jury the court shall act upon the report of the master. Within ten (10) days after being served with notice of the filing of the report, any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6.04. The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

Therefore, the Tennessee Rules of Civil Procedure do not require the Trial Judge to hear additional proof to the Special Master's Report. Mr. Hartman further insists that in this particular situation, the Trial Judge should be required to hear his offered proof in order to comply with T.C.A. 36-4-121(c), which states that "[I]n making equitable division of marital property, the court shall consider all relevant factors including . . . (9) The tax consequences to each party."

Mr. Hartman contends that the Trial Court abused its discretion by failing to consider the tax consequences of his receipt of the pension fund to account for his interest in the equity of the house. Mr. Hartman argues that the division of the marital assets was not an equitable one since Ms. Hartman received the equity of the house and remained living in the 3800 square foot home, while he was given an interest in a pension fund which would not be worth nearly the amount of the home equity if it were liquidated. Mr. Hartman argues that the pension fund, if liquidated, would be subject to a 10% penalty for early withdrawal and subject to federal income taxes. Therefore, he argues that the pension fund would only be worth 59 cents on the dollar if liquidated. He insists that in order for the division to be equitable, he should be given a liquid asset of equal value to the equity in the home so that he may use that asset to purchase a home and be in an equal position to Ms. Hartman.

7

The Trial Judge refused to hear Mr. Hartman's witness, the Certified Public Accountant, prepared to testify about the tax consequences of the award of the retirement benefits, on the basis that Mr. Hartman should have offered the proof to the Special Master. However, the issue of the tax consequences of the retirement benefits did not arise until the Special Master finalized his proposed division of assets, which included awarding the equity of the house to Ms. Hartman and the retirement benefits to Mr. Hartman. This Court, in Stephenson v. Stephenson, an unpublished opinion filed in Nashville February 7, 1996, discussed the importance of the Trial Court considering the tax consequences of a marital division, and stated, "The right to receive taxable income, such as a retirement, is not as valuable as the right to collect non-taxable income." The Trial Court in this case did not afford Mr. Hartman the opportunity of considering the tax consequences of the division of assets. Therefore, we hold, based on our de novo review of the record, that the Trial Court was in error in refusing to hear Mr. Hartman's proof on the tax consequences of the proposed division since the refusal was a failure on the Trial Court's part to consider the tax consequences of the division as required by T.C.A. 36-4-121(c).

For the foregoing reasons, the judgment of the Trial Court as to the disposition of the jewelry and the division of other marital property is vacated and the cause remanded to the

8

Circuit Court for a determination as to whether the jewelry is Ms. Hartman's separate property or marital property, with appropriate disposition after such determination. We also remand for consideration of the tax consequences of the award to Mr. Hartman of the retirement funds in exchange for the equity in the real property. The Trial Court may, of course, re-refer the questions to a Special Master. Costs of appeal are adjudged against Ms. Hartman.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.

9