IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 12, 2004 Session

## TERESA LYNN (HURST) FUGATE v. WILLIAM KENDRED FUGATE, III

**Appeal from the Family Court for Rhea County**
**No. 21253     James W. McKenzie, Judge**

─────────────

**No. E2004-00546-COA-R3-CV Filed September 20, 2004**

─────────────

In this divorce case, Teresa Lynn (Hurst) Fugate ("Wife") appeals the trial court's decision to set aside the parties' marital dissolution agreement (MDA) and a quitclaim deed to the marital residence executed by the Husband shortly after the parties separated. The trial court found the residence to be marital property and equally divided the equity in the property between the parties. Wife argues that the trial court should have found the residence to be a gift from husband, and thus separate property, and that the trial court erred by not enforcing the quitclaim deed. Wife also appeals the trial court's award of $187.00 in attorney fees to Husband. We affirm the trial court's judgment in all respects.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Family Court Affirmed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J. and D. MICHAEL SWINEY, J., joined.

J. Arnold Fitzgerald, Dayton, for the Appellant, Teresa Lynn (Hurst) Fugate.

Marsha G. Smith, Chattanooga, for the Appellee, William Kendred Fugate, III.

**OPINION**

*I. Factual Background*

The parties were married on June 19, 1982. Two children were born of the marriage, age eight years and three years, at the time of the divorce complaint. Wife filed a complaint for divorce on October 18, 2000. Wife filed a MDA, signed by the parties on October 17, 2000, along with the complaint. The MDA provided that the Husband "shall execute a quitclaim deed to the [Wife], conveying his interest in said real estate."

On November 17, 2000, Husband filed an answer in which he alleged that the MDA "should be set aside, and that th[e] Court should equitably divide the properties of the parties upon a hearing of this cause." Husband also filed a counter-complaint for divorce.

Following a failed attempt at reconciliation, a hearing was held before the trial court on August 11, 2003. At the hearing, Wife entered into evidence a quitclaim deed executed by Husband on October 17, 2000, which conveyed his interest in the marital residence to Wife. Husband argued that both the MDA and the quitclaim deed should be set aside. The trial court agreed, found the residence to be marital property, and divided it equally between the parties. The trial court also awarded Husband $187.00 in attorney fees, apparently the expense to Husband in fees for traveling to and attending a hearing at which Wife did not appear in court. Wife appeals the trial court's ruling regarding the division of the residence and the award of attorney fees.

## II. Issues Presented for Review

Wife raises the following issues for our review in this case:

1. Whether the trial court erred in setting aside the quitclaim deed and MDA, and finding the parties' residence to be marital property.

2. Whether the trial court erred in awarding Husband $187.00 in attorney fees.

## III. Standard of Review

In this non-jury case, our review is *de novo* upon the record of the proceedings below; but the record comes to us with a presumption of correctness as to the trial court's factual determinations which we must honor unless the evidence preponderates against those findings. Tenn. R.App. P. 13(d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn.1995); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993). The trial court's conclusions of law are accorded no such presumption. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn.1996); *Presley v. Bennett,* 860 S.W.2d 857, 859 (Tenn.1993). The trial court in a divorce case is vested with wide discretion in classifying the parties' property as either marital or separate, and its decision is entitled to great weight on appeal. *Dunlap v. Dunlap,* 996 S.W.2d 803, 814 (Tenn.App.1998).

## IV. The MDA and Quitclaim Deed

Husband does not deny signing the quitclaim deed and the MDA. He asserts that these documents were presented to him the day after the parties separated, at Wife's attorney's office, at a time when he was unrepresented by counsel and stunned by the unraveling of his marriage. Husband testified as follows:

> Q: And what about a quitclaim deed, did you sign a quitclaim deed
> when you were there that day?

A: Yes.

       \*             \*           \*

Q: And you signed this the same day you signed the marital dissolution agreement, correct?

A: Yes.

Q: And why did you sign a quitclaim deed for the property?

A: I had a bombshell dropped on me the day before, and I was in shock.

Q: Were you represented by an attorney at that point in time?

A: No. I wasn't represented.

Q: Did you consult with an attorney before you signed the quitclaim deed or the marital dissolution agreement?

A: No.

Q: How shortly after you signed the quitclaim deed did you go consult with an attorney?

A: It was somewhere within two weeks.

       \*             \*           \*

Q: And why did you change your mind?

A: I had time to think about what had happened. Like I said, the bombshell had been dropped on me on the 16th, and I was in shock. It took a week or so for me to, I guess, come to my senses.

As above noted, Wife filed the MDA at the same time as her complaint, but the trial court took no action regarding the MDA until its final order in which the trial court found it should be "set aside and vacated." In *Harbour v. Brown for Ulrich,* 732 S.W.2d 598, 599 (Tenn.1987), the Supreme Court held that "a valid consent judgment can not be entered by a court when one party withdraws his consent and this fact is communicated to the court prior to entry of the judgment." This court has applied the *Harbour* rule in a divorce case involving an MDA on several occasions. *See Denbow v. Denbow,* 1996 WL 243894, 1996 Tenn.App. LEXIS 278, C/A No. 02A01-9410-CH-00238 (Tenn.App.W.S. filed May 9, 1996); *Elrod v. Elrod,* 1991 WL 238263, 1991 Tenn.App. LEXIS 894, C/A No. 03A01-9108-GS-260 (Tenn.App.E.S. filed Nov. 18, 1991).

In the present case, it was made clear to the trial court that Husband had repudiated and withdrawn his consent to the MDA before any judicial action had been taken on it. Under the above-cited cases, the trial court was therefore correct in refusing to enter a consent judgment on the MDA and in setting it aside instead.

As the trial court noted, the MDA made specific reference to the quitclaim deed, and husband's execution of the deed was a required term of the MDA. It is therefore clear that because the trial court set aside and vacated the MDA, there was no consideration supporting the quitclaim deed. Although the quitclaim deed recites that Husband "for One ($1.00) dollar, and other valuable considerations paid" released and quitclaimed all interest in the marital residence, both parties testified at the hearing that Husband received no consideration in return for executing the deed.

Perhaps recognizing this deficiency, Wife's sole argument and position on appeal is that the quitclaim deed should be construed as a gift to Wife. At the trial level, although Wife argued that the deed should be enforced, she never presented the argument that it was a gift. To be valid, a gift requires the following elements: (1) an intention to make the gift on the part of the donor, (2) delivery of the gift, and (3) its acceptance by the donee. *Myers v. Farmers & Merchants Bank Corp., Inc.,* 2003 WL 22037527 at *3, 2003 Tenn.App. LEXIS 612, C/A No. M2002-00888-COA-R3-CV (Tenn.App.M.S. filed Aug. 29, 2003). The burden of proving a gift is upon the donee. *Pamplin v. Satterfield,* 265 S.W.2d 886, 888 (Tenn.1954); *Dunlap v. Dunlap,* 996 S.W.2d 803, 814 (Tenn.App.1998).

We find there is no evidence that Husband had the requisite intent to make a gift of the marital residence to Wife. Husband executed the deed, it appears, the day after he discovered that Wife wanted a divorce, and in any event, very shortly after the parties separated.[1] The deed was executed at the same time the parties signed the MDA. Neither Husband nor Wife testified that the quitclaim deed was intended to be a gift.

Further, the record contains a sworn and notarized statement, signed by Wife and dated August 11, 2003, and filed by Wife with the trial court, which is styled "Asset Stipulation." It lists the parties' property and is divided into three parts, headed, respectively, "Marital Property," "Separate Property," and "Other Property (Disputed as to Whether Marital or Separate)." The marital residence, which is the primary asset of this marriage of over 20 years, is listed by Wife as "marital property" on this document. We find that Wife did not carry her burden of proving a gift, and the trial court did not err in setting aside the quitclaim deed.

---

[1] Husband was not asked at trial to explain his comment, "I had a bombshell dropped on me the day before, and I was in shock."

## *V. Attorney Fees*

The trial court awarded Husband $187.00 in attorney fees, which was the cost or a portion of the cost to Husband for travel and appearance in court for a hearing at which Wife did not appear. Wife's counsel argued that he did not receive notice of the hearing because it was sent to the wrong address, and the trial court therefore erred in awarding attorney fees. In response, the trial court noted a fact borne out by the record–that several other motions and orders had been previously mailed to this admittedly incorrect address, and had reached Wife's attorney without apparent problem or complaint. The decision whether to award attorney fees is within the sound discretion of the trial court and will not be disturbed upon appeal unless the evidence preponderates against such a decision. *Kincaid v. Kincaid*, 912 S.W. 2d 140, 144 (Tenn. Ct. App. 1995). We find the trial court acted within its discretion in awarding Husband $187.00 in attorney fees.

Husband argues that he should be awarded his attorney fees for this appeal. We find that each party should be responsible for his or her own attorney fees on appeal in this case.

## *VI. Conclusion*

For the foregoing reasons, we affirm the judgment of the trial court in its entirety, and remand this case for collection of costs below. Costs on appeal are assessed against the Appellant, Teresa Lynn (Hurst) Fugate.

_____

**SHARON G. LEE, JUDGE**