**132**

Ray B. WATSON, Plaintiff-Appellant,

v.

Brandon WATSON, Defendant-Appellee.

Court of Appeals of Tennessee,
Middle Section, At Nashville.

July 13, 1983.
Permission to Appeal Denied by
Supreme Court Oct. 11, 1983.

Edward A. Robertson, Clarksville, for plaintiff-appellant.

Douglas B. Parker, Clarksville, for defendant-appellee.

## OPINION

CONNER, Judge.

This is a boundary line dispute. The sole issue involves the applicability and operation of T.C.A. § 66–26–105 which governs priority among registered instruments.

The material facts are largely uncontroverted and are set forth in an agreed statement of the evidence filed by the parties pursuant to T.R.A.P. 24(c). Said statement provides in full as follows:

Plaintiff, Ray Watson, and defendant, Brandon Watson, are brothers who own adjoining tracts of land which once made up the major portion of the family homeplace. Each party's source of title is a deed from their mother, Willie Watson Atkins, dated and acknowledged 3 October 1958. The brothers knew that their mother was partitioning the place among her children and they knew as well that their own particular tracts would adjoin. Plaintiff recorded his deed 31 May 1959, and defendant recorded his on 5 October 1962.

The descriptions of the realty conveyed in each deed conflict in that they overlap along the parties' common line running approximately east and west for about 288 feet and terminating at the west on Cooper Creek Road. If Ray Watson's description is followed without deviation, it would take in about 200 additional feet of road frontage, some of which has always been regarded by both parties as belonging to Brandon Watson. On the other hand, if Brandon's description is

followed without deviation, he would take some frontage that both parties have always regarded as Ray's. Neither party was aware of this conflict until the fall of 1981 when defendant set some corner posts and announced his intention to build a fence on what plaintiff considered his property. Both men then employed surveyors who discovered the faulty deed descriptions. The surveyors, Mr. Young for the plaintiff and Mr. Butts for the defendant, each prepared drawings which are exhibits in the record.

The precise line between the parties had never been firmly established, and both men had made use of the overlapping area at one time or another. Doubtless this situation existed because there were no old fences, gullies, or other natural features to mark the line in question.

There were such features to mark other lines—most notably, an old fence running approximately east and west from the Harrison property to a red oak, a distance of 44 poles (726 feet). This is the line shown on the Butts survey as S 84° 9′ 5″ W 739.53 feet. This fence had been treated as the boundary by both parties for many years. Mr. Butts testified that starting from this fence, he followed the calls of both deeds, which are identical at this point, to determine the disputed line. This line is shown on his plat as N 88° 24′ W 288.94 feet. Mr. Young, on the other hand, testified that in his opinion the line should be the one shown on his plat as S 89° E 284.33 feet.

The area in dispute is not large, measuring some 82.6 feet on the west at Cooper Creek Road, 35.9 feet on the east, and approximately 285 feet on the north and south. This relatively small tract is important to plaintiff, however, because it is so near his house—forming, indeed, part of what he believes to be his yard.

This suit was filed on February 16, 1982. In his complaint plaintiff, Ray Watson,[1] sought to be declared the owner of the disputed tract on either of two grounds: (1) adverse possession for more than 20 years, and/or (2) by virtue of the priority established in T.C.A. § 66–26–105. Defendant denied the applicability of either.

After a non-jury trial, the lower court held for the defendant giving greater weight to the testimony of defendant's surveyor because of his adherence to natural monuments rather than metes and bounds. *See Thornburg v. Chase,* 606 S.W.2d 672 (Tenn.App.1980). Although plaintiff has here abandoned his adverse possession argument and does not take issue with the findings regarding the credibility of the surveyors, he challenges the trial court's ruling on the effect of T.C.A. § 66–26–105. That "priority" statute provides:

> *Priority of registered instruments.—* Any of said instruments first registered or noted for registration shall have preference *over one of earlier date,* but noted for registration afterwards; unless it is proved in a court of equity, according to the rules of said court, that the party claiming under *the subsequent instrument* had *full notice* of the previous instrument. (Emphasis supplied.)

Faced with the above statute, the proof as recounted in the stipulation and the deeds the trial judge held:

> The Court also finds that the plaintiff is not entitled to claim this property by virtue of having recorded his deed prior to the defendant as it is apparent that the plaintiff knew of the existence of the deed from his mother to his brother, the defendant. The deed from the mother to the defendant must have been in existence prior or concurrent to the plaintiff's deed since the calls in the plaintiff's deed refer to the defendant's southeast corner, etc. Tennessee Code Annotated, Section 64–2605 (now 66–26–105) would not, in the Court's opinion, apply under these circumstances.

Plaintiff contends this was error and that he is entitled to preference under the statute because he recorded his deed first. He

1. Hereinafter the parties will be referred to as in the trial court or by their names, as abbreviated.

asserts that even though he was aware of his brother's deed his unawareness of the conflict in the descriptions exempts him from the notice provisions of T.C.A. § 66–26–105. For two reasons we cannot accept this reasoning and concur with the conclusion of the trial judge.

First, as was the case with the trial judge we believe that Ray Watson without question had "full notice" of his brother's "simultaneous" deed (not "previous") within the meaning of the statute, assuming *arguendo* its applicability. Plaintiff was aware that his mother intended to partition the homeplace among her children. He knew also that defendant would receive the tract adjoining his own. Further, he had knowledge of Brandon Watson's deed by virtue of the fact that the description in his deed repeatedly refers to his line as running with Brandon Watson's line. There were six such references. Under these circumstances we hold Ray Watson had "full notice of the previous instrument" so as to defeat the priority which might have otherwise existed.

More fundamentally, in our view this statute was simply not designed to settle boundary line disputes. We believe T.C.A. § 66–26–105 was primarily intended to resolve the situation created by a dishonest landowner who knowingly or negligently conveys the same land more than once. In the present instance there is, of course, no suggestion of dishonesty or negligence on the part of Mrs. Watson. She and her children were all the innocent victims of a surveyor's error. There was no proof that Mrs. Watson ever intended to convey the disputed area to both sons. The evidence is otherwise. Just because there was a lack of awareness of the mistake in the deeds does not allow the invocation of T.C.A. § 66–26–105. A literal reading of this statute reveals notice of the previous *"instrument"* as sufficient to do away with the claimed priority. No notice of a "mistake" in the "instrument" is required.

We think this is as it should be. This statute was designed to avoid inequity, not to create or promote it. If we were to apply it in the fashion here suggested by plaintiff the precedent could lead to the most inequitable of results. For example, it is very likely that a situation not dissimilar to the instant case could occur where a grantor residing in Tennessee intends to divide realty located there among his or her offspring; two deeds are executed simultaneously; on the date of execution one deed is hand delivered to a son who lives in the county where the land lies while the other deed is mailed to his brother who lives out of Tennessee; both deeds, as here, contain errors in the description of the land unknown to the grantor or either grantee; naturally, the local son records his deed first simply because he can hand carry it to the courthouse, while the distant son must rely on the U.S. mail. Under those circumstances following plaintiff's argument the deed of the son who first recorded would have priority simply because he "won the race to the courthouse" irrespective of the actual intent of any of the parties to either conveyance. We cannot find this to be the intent of the legislature in passage of T.C.A. § 66–26–105.

Accordingly, the judgment of the trial court is affirmed and this cause is remanded. The costs are taxed against the plaintiff.

AFFIRMED AND REMANDED.

TODD, P.J. (M.S.), and CANTRELL, J., concur.