IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 8, 2009 Session

## NORMA LUTTRELL v. HIDDEN VALLEY RESORTS, INC., AKA MOUNTAIN PROPERTIES

Appeal from the Circuit Court for Jefferson County
No. 21,272-II    Richard R. Vance, Judge

No. E2009-00485-COA-R3-CV  - FILED DECEMBER 30, 2009

Elizabeth R. Doyle, who is not a party to this litigation, subdivided a parcel of property she owned in Jefferson County. Doyle sold "Tract #3" to the plaintiff, Norma Luttrell. Luttrell's deed to Tract #3 also granted an "easement upon adjoining Tract #2 . . . for the existing septic system field lines servicing Tract #3." The defendant, Hidden Valley Resorts, Inc., aka Mountain Properties, eventually acquired Tract #2, but not directly from Doyle. The defendant began to use its property in a way that interfered with the plaintiff's easement, and the plaintiff filed her petition demanding that the defendant be enjoined from interfering with her easement rights. The case was tried without a jury, after which the trial court entered a judgment in favor of the defendant. The trial court found that the defendant had no actual notice of the easement prior to purchasing it, and further that the defendant had no constructive notice because a "standard title search of the chain of title for Defendant's Tract #2 would not reveal Plaintiff's easement." The plaintiff moved for a new trial on two grounds: (1) that easements which run with the land do not depend on notice, and (2) that the trial court went beyond the scope of the pleadings in holding that the easement was unenforceable. The trial court denied the motion. The plaintiff appeals. We reverse the judgment and remand for entry of a judgment in favor of the plaintiff.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed, Case Remande**d

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, J.J., joined.

James W. Greenlee, Sevierville, Tennessee, for the appellant, Norma Luttrell.

R. Alexander Johnson, Sevierville, Tennessee, for the appellee, Hidden Valley Resorts, Inc., aka Mountain Properties.

**OPINION**

I.

This case comes to us on a statement of the evidence because the proceedings were not stenographically recorded. The statement provides in pertinent part as follows:

> The plaintiff obtained title to her land by deed from Elizabeth R. Doyle, dated October 15, 1992, and of record in WD Book 300, page 284, made of record January 28, 1993.
>
> The plaintiff's deed of acquisition grants to the plaintiff "an easement upon adjoining Tract #2 (also owned by the grantor, Elizabeth Doyle, at the time of sale to the plaintiff), for the existing septic system field lines servicing Tract #3, to the extent that said lines encroach upon Tract #2. This easement can be extended to meet any future health Department requirements for Tract #3."
>
> At the time when the plaintiff obtained title to her tract 3 there was "unity of title" between tracts 2 and 3.
>
> The defendant(s) is/are the successor(s) in interest to Tract #2. The defendants obtained title to Tract 2 by deed dated April 14, 2004 . . . of record in Book 645, Page 102 in the Registers Office for Jefferson County, Tennessee. None of the deeds to tract 2, wherein the grantor was Elizabeth Doyle, leading to the defendant's deed mentioned the easement granted to the plaintiff in her deed to tract 3, to the plaintiff.
>
> The defendant(s) had placed large machinery upon Tract #2 that obstructs the exercise of the easement asserted by the plaintiff.
>
> * * *
>
> The exhibits at trial consisted of the deeds relevant to ownership of both parties.

(Underlining omitted; brackets changed to parentheses.) The deeds demonstrate that the plaintiff acquired and recorded her deed before Tract 2 was conveyed. Elizabeth Doyle first conveyed Tract #2 to David M. Doyle in 1999, who then conveyed it to Michael Coleman in 2004. Coleman conveyed Tract 2 to the defendant.

The trial court's judgment provides as follows:

> That the Grantor Elizabeth R. Doyle did not make reference to Plaintiff's easement in the subsequent deeds to Tract #2 and no reference is made of record in the chain of title for Tract #2.

That a standard title search of the chain of title for Defendant's Tract #2 would not reveal Plaintiff's easement and Defendant had no constructive notice of the Plaintiff's easement.

That a physical review of Tract #2 would not have revealed the presence of an underground septic system and Defendant had no actual notice of the easement prior to purchasing Tract #2.

Accordingly, the trial court denied the plaintiff's petition for an injunction. The court further held that the "septic system easement . . . upon Defendant's Tract #2 is unenforceable." As we have previously indicated, the plaintiff made a motion for new trial, which the trial court denied without stating its reasons. This timely appeal followed.

## II.

The plaintiff identifies two issues which we rephrase as follows:

Whether an express easement granted to the purchaser of Tract #3 in the recorded deed to Tract #3 allowing an underground septic system to encroach upon Tract #2, also owned by the grantor of Tract #3, is enforceable against a subsequent purchaser of Tract #2 without notice of the easement.

Whether the trial court's finding that the easement was unenforceable went beyond the scope of the pleadings since the defendant did not file a counterclaim asking that the easement be declared unenforceable.

## III.

We review a trial court's findings of fact *de novo* with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). Our review of the trial court's conclusions of law is *de novo* with no presumption of correctness. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

## IV.

We will address the issues in reverse order, starting with the argument that the trial court erred in ruling whether or not the easement was enforceable. This is a question of law which we will examine *de novo*. The plaintiff asserts that the question of whether or not the easement was enforceable was not before the trial court. She argues that it would have taken a counterclaim by the defendant asking that the easement be declared unenforceable to put the issue before the trial court. The defendant argues that the issue was tried by consent and that the plaintiff has somehow waived the right to argue the that the trial court's order addressed matters outside the pleading. Both parties are wrong. The plaintiff asked the trial court to grant a mandatory injunction "ordering the defendant(s) to stop, both in the present and the future, from interfering with the proper exercise of her easement rights." This request unquestionably placed the enforceability of the easement at issue. *See **Union Tanning Co. v. Lowe***, 255 S.W. 712, 714 (Tenn. 1923)(plaintiff must establish title in himself before he can enjoin trespass of that right); ***Smith Mech. Contr. v. Premier Hotel Devel.***, 210 S.W.3d 557, 565 (Tenn. Ct. App. 2006)(party should bring underlying cause of action upon which the injunction would be based in the same action as the request for injunctive relief). It follows that, in asserting that her easement was worthy of protection by an injunction, the plaintiff preserved any argument that it should not have been held unenforceable. Accordingly, we find no merit in the argument that the trial court erred in determining whether the easement was enforceable.

We now turn to the plaintiffs argument that the trial court erred in finding as a matter of fact that a title search would not have found the easement. The plaintiff argues that there was no proof to support the finding. The statement of evidence does not reveal any evidence to show one way or another whether a title search would have revealed the easement. The defendant argues that proof was not needed because the trial court took judicial notice of what a title search would have revealed. While the record does not explicitly state whether or not the trial court took judicial notice, we assume the defendant is correct, otherwise there is not even an arguable basis for the finding.

Assuming that the trial court took judicial notice of what a title search would have revealed, we will now consider whether the trial court erred in doing so. For a trial court to take judicial notice of a "fact" that "fact must be one not subject to reasonable dispute, in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tenn. R. Evid. 201(b). It would seem to this court that what a title search would reveal would normally be a matter of expert testimony for a licensed practicing attorney. *See **Rose v. Welch***, 115 S.W.3d 478, 484 (Tenn. Ct. App. 2003)(In attorney malpractice actions, except in extreme cases, expert proof is needed of the standard an attorney must follow.). If anything, we believe it more likely that the duty of a title searcher would include going back to a common grantor to determine whether the common grantor conveyed the same estate to a prior grantee. There is no dispute in this present case that Doyle is the common grantor. It is also beyond dispute that the plaintiff's conveyance predates the defendant's chain, both in the date of the grant and the date of recording. Recorded instruments are "notice to all the world from the time they are noted for registration." Tenn. Code Ann. § 66-26-102 (2004). In competing claims to the same property, the first recorded instrument is given priority

over a later recorded instrument. Tenn. Code Ann. § 66-26-105 (2004). The purpose behind the statutory recording scheme is to resolve the situation created by a grantor conveying, either dishonestly or negligently, the same interest to more than one grantee. **Watson v. Watson**, 658 S.W.2d 132, 134 (Tenn. Ct. App 1983). We cannot imagine how this purpose would be fulfilled, or how the statutory scheme would work unless there is some obligation to examine other deeds made by a common grantor. Otherwise, a common grantor could defeat the statutory scheme and the purposes behind it simply by conveying the same property to multiple grantees by conveyances that varied the description slightly. Although we have not found Tennessee case law on the subject it appears to be the general rule that the recording of the instrument that grants an easement is sufficient notice to bind subsequent purchasers of a tract burdened by the easement. 25 Am. Jur. 2d, *Easements and Licenses* § 93 (2004). We need not hold that a title search as a matter of law would have revealed the easement. The question is whether it is beyond reasonable dispute that a title search would not have revealed the easement. Because of the concerns we have identified, we do not believe the matter is necessarily free from dispute. In any event, we conclude that the concept "what a title search would have revealed" is not a subject of which a court could take judicial notice under Tenn. R. Evid. 201(b). It simply does not fit within the descriptive material in the rule. Tennessee Law of Evidence § 2.01 [4][b] (5th Ed. 2005). (The fact must be "within the common knowledge of the general public . . . . Facts with the common knowledge differ from facts within the judge's personal knowledge.")

This leads us to the plaintiff's argument that the sewer easement was an easement appurtenant which bound the defendant even without notice. If the plaintiff is correct, there will be no need to remand this case for proof of what a title search would have revealed. The plaintiff offers no case law in support of her argument. The defendant relies on **Hargis v. Collier**, 578 S.W.2d 953, 957 (Tenn. Ct. App. 1978), for the general rule that an easement is not binding against a subsequent purchaser unless the purchaser has actual, constructive or implied notice. That general proposition does not help to answer the specific question as to whether notice is implied on a purchaser of a lot burdened by a sewer easement created in the past by the purchaser's grantor in favor of an adjoining lot. In our research we have located one Tennessee case on point, namely **Barrett v. Hill**, No. 01A01-9806-CV-00295, 1999 WL 802642 (Tenn. Ct. App. M.S., filed October 7, 1999). That case began when Barrett discovered that her sewer line was disconnected from the public utility. The line ran across the lot of Barrett's neighbor, Hill. Hill would not allow Barrett to reconstruct a line across Hill. *Id*. at *1. Barrett sued Hill to enforce what she claimed was an implied easement to run her sewer line across Hill's property. *Id*. at *2. Both lots had once been part of a single tract owned by Roy Byrn. Before Byrn subdivided the property, someone had installed a sewer line to service the Barrett lot across what became the Hill lot. *Id*. at *1. This court held that Byrn had created an implied easement across the Hill lot in favor of the Barrett lot.

> Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude is in use at the time of severance and is necessary for the reasonable enjoyment of the other part, on a severance of the ownership a grant of the right to continue such use arises by

implication of law. Similarly, where the owner of property, one part
of which has been subjected to such a use for the benefit of another
part, sells both parts to different purchasers, the respective portions
granted are subject to or benefitted by, as the case may be, an
easement corresponding to such use.

*Id*. at \*3 (*quoting **Lively v. Noe***, 496 S.W.2d 852, 854-55 (Tenn. Ct. App. 1970)). Underground
sewer lines is a recognized application of easements by implication. ***Id***.

This court had "no difficulty" concluding that Byrn, the common grantor, had notice such
that the easement would have been enforced against him. ***Id***. at \*4. The tricky question was whether
the easement created during Byrn's ownership could be enforced against Hill. The trial court held
that Hill did not have notice, but this court concluded that it did not matter – the easement was
enforceable against Hill whether or not Hill had notice. *See **Id***. at \*4. Our rationale was as follows:

We think this question is answered in Tennessee by the nature of this
easement . . . .

\*    \*    \*

The easement created in this case is appurtenant to the land. An
easement appurtenant attaches to, passes with, and is an incident of
ownership of the parcel that is the dominant tenement. The successor
in title to an appurtenant easement may enforce it. An incorporeal
appurtenance to a parcel of land, such as an easement, passes with
title to the land, and the successor in title becomes the owner of the
use protected by the easement and has the right to enforce it.

. . . [E]asements by implication ordain the perpetuation of the prior
use "on the general principle that property is usually passed along
with its burdens." Where a single owner sells portions of his or her
property to two different purchasers, "the respective portions granted
are subject to or benefitted by, as the case may be, an easement
corresponding to such use." Thus, not only did the easement's
benefits pass with title to the dominant tenement, but its burdens also
passed with title to the servient tenement.

In conclusion, we find that an easement by implication was created
at the time of the severance of ownership of the two parcels in 1970
by which the Barrett property has the right to use the Hill property for
the purpose of running a sewer line to the city sewer line . . . .
Because the easement is appurtenant to the Barrett property, this right

-6-

to use the Hill property passed with the land and is enforceable by
Ms. Barrett.

*Id*. at \*5 (citations and internal quotation marks omitted). If the burden of an implied easement passes to a subsequent purchaser who may have no way of discovering its existence, we believe on the basis of **Barrett** that the burden of an express easement appurtenant would more so pass to a subsequent purchaser. At least in the case of an express easement, it could be discovered by looking at all conveyances made against the common tract by the common grantor. Accordingly we hold that the express easement granted the plaintiff in the deed from Doyle is enforceable against the defendant.

V.

The judgment of the trial court is reversed. Costs on appeal are taxed to the appellee, Hidden Valley Resorts, Inc., aka Mountain Properties. This case is remanded, pursuant to applicable law, for entry of a judgment in favor of the plaintiff, Norma Luttrell, and such other proceedings as are necessary and consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE